| 14 | 687 |
|----|-----|
| 110 | 821 |

### ROBERT S. YOUNG *v.* CHAMBERLIN et al.

An interlocutory order dismissing a call in warranty is one calculated to work an irreparable injury, and consequently, may be appealed from.

A party in possession of property as a lessee, when sued in a petitory action for the property, should make his lessor a party defendant to the action, and ask to be discharged; he cannot defend the suit by calling in warranty his lessor's vendor, without making the lessor a party, or entering an appearance for him.

APPEAL from the District Court of the Parish of Catahoula, *Mayo*, J. *McGuire & Ray*, for plaintiff and appellant. *R. H. Cuney* and *J. G. Taliaferro*, for defendants.

BUCHANAN, J. The defendant appeals from the dismissal of a call in warranty, in a petitory action instituted against him. The appellee moves to dismiss the appeal, on the ground that the dismissal of the warranty is an interlocutory order, and does not work an irreparable injury.

This ground is not tenable. The Code of Practice authorizes a party in possession of land, who is sued for the same, to make his vendor a party to the suit, and to transfer its defence to such warrantor. It is evident, that a subsequent order, by which his warrantor is put out of court, may cause him an irreparable injury, and is, consequently, appealable.

On the merits, it is to be determined, whether or not, the exception to the call in warranty was well taken.

Defendants are sued, as party in possession, for certain land of which plaintiff alleges himself to be the owner; and for rent of the same.

They answer, by declaring themselves to be lessees of one *Hollister*, a resident of Michigan, who is owner of the land, by purchase from one *McGraw*, a resident of Mississippi.

By an amended answer, defendants pray that *McGraw* be cited to warrant *Hollister's* title. *McGraw* was cited through a curator *ad hoc* appointed to him, as an absentee, by the court. *McGraw* appeared by the curator *ad hoc*, and called his vendor, *Benjamin F. Young*, in warranty.

*B. F. Young* appeared, and excepted to the call in warranty of *McGraw* by defendants, on the grounds:

1st. That defendants had no legal right to call in warranty the vendor of *Hollister* to defend this suit.

2d. That defendants arc not the lessees of *Hollister,* as they allege.

I. The course to be pursued by a lessee of real estate, who is sued in the petitory action, is indicated in Art. 43 of the Code of Practice, and Art. 2674 of the Civil Code. Both these Articles contemplate that the lessee, thus sued, shall cause his lessor to be made a party. The Article of the Civil Code says, that he shall call his lessor in warranty, or to defend the suit, and shall thereupon be himself dismissed. The Article of the Code of Practice says, the lessee shall make known the name and place of residence of his lessor, who shall be made a party if he reside in the State, or is represented therein ; and that the lessee shall, thereupon, be discharged from the suit. In this case, the defendants, supposing them to be in possession as lessees, have not pursued the course indicated by law. They have named their lessor, but they have not called him in warranty, neither have they asked to be thereupon discharged from the suit. They have put in evidence a power of attorney, which shows that one of these defendants is the agent of *Hollister* in this State. The defendants might, therefore, have made *Hollister* a party to this suit ; but they have not thought fit to do so. In place of that, they have proceeded to defend the suit, by calling in warranty *Hollister's* vendor, without making *Hollister* a party, or entering an appearance for *Hollister*. It is plain, that this course is unwarranted by law. *Hollister* is not bound by these proceedings. As to him, any judgment that may be rendered will be *res inter alios acta.*

II. The defendants have introduced no proof whatever that they hold this land as lessees of *Hollister,* although that fact was put directly at issue by the exception.

Judgment affirmed, with costs.