## No. 11,670.

MRS. W. J. CALLAHAN ET AL. VS. CALHOUN FLUKER.

1. Plaintiff in bringing a petitory action is not necessarily forced to cumulate therewith an action of nullity to set aside judicial proceedings in which his title has been apparently divested. He has, at his risk, the right to allege such proceedings to be absolute nullities, and go to trial on that issue.

Where plaintiff in his petition in a petitory action alludes, but only inci-
dentally, to certain judicial proceedings, and then only as being absolutely
null, this simple reference does not control the character of the action or de-
termine the jurisdiction.

APPEAL from the Civil District Court for the Parish of Orleans.
*Rightor,* J.

*Kernan & Wall* for Plaintiffs and Appellants.

Defendant *in propria persona.*

The opinion of the court was delivered by

NICHOLLS, C. J.    Plaintiffs, as heirs of one Louis Young, who, it is
alleged, died in the parish of East Feliciana, place of his residence,
in 1883, sue the defendant, praying "for judgment against him
ordering him to deliver to them all title deeds and land patents of
lands belonging to the succession of Louis Young, and to convey and
transfer to them any or all of certain lands described in their peti-
tion, in his name, and that he be perpetually enjoined from disturbing
them in their ownership of said lands by claiming the ownership
thereof himself."

This prayer is based upon allegations that on the 7th July, 1883,
the defendant and Thomas B. Lyons, attorneys at law, engaged in
their profession in the parish of East Feliciana, presented a petition
to the District Court of that parish in behalf of one Dutart for letters
of administration on the said succession, alleging that he was a
creditor thereof—that Dutart never gave the bond required by law;
that no letters of administration issued to him, and that at no time
was he the legal representative of the succession. That the de-
ceased left no debts, that his personal property was of more than
sufficient value to defray the expenses of his last illness and funera
charges. That no inventory was ever taken of the property
in East Feliciana, and the inventory pretended to have been
taken in the parishes of St. Helena and Livingston were never
homologated by the court; that the pretended administrator
allowed more than a year to elapse from the date of the
alleged appointment prior to the 8th of October, 1894, without filing
an account of his administration, which *ipso facto* would have

divested him of the administration of the succession even. if he had been legally appointed, and that more than a year elapsed after opening the succession before an attorney was appointed to repre-sent the absent heirs.     That on the 8th of October, 1894, defendant, acting as attorney for the said pretended administration, presented a petition to the court and obtained an order for the sale of all the property, real and personal, belonging to the succession to pay the debts thereof.

That no schedule or statement of debts due by the succession has ever been filed, nor is there any evidence of the existence of any; that there was no authority in law for the sale of the real property or immovable property belonging to the succession before the per-sonal property was exhausted, nor was it shown that the proceeds thereof would be insufficient to pay the debts, and that the said order of sale was improvidently given because the court had nothing before it to show the amount, character or value of the property it was ordering to be sold or the amounts of debts due.     That in the meantime the said Dutart had removed from the parish, at least one hundred miles, and defendant was, in fact, administering the succes-sion in his capacity as attorney for the same.     That on the 3d of December, 1884, the sheriff of the parish of East Feliciana, pursuant to the aforesaid order of sale obtained by defendant, adjudicated to the latter for the sum of seventy-five dollars the property described in the petition, situated in the parishes of Livingston and St. Helena; that the price of said adjudication has never been paid, and that the amount in dispute herein, the value of the said lands, is the full sum of two thousand dollars.     That defendant was without capacity to become the purchaser at the said pretended sale, which was provoked by himself by reason of the fiduciary relationship existing between himself and the succession, even if all the proceedings leading up to the adjudication had been valid and regular, which fact they specially deny, and they aver that the title to the succession was not divested thereby.

They aver that they have made demand of the defendant, who is domiciliated in the parish of Orleans, for all the titles, deeds and patents, including title to the said lands in said succession, and that he refuses to deliver the same to petitioners, and claims the owner-ship thereof.     The prayer of the petition, upon the allegations is that which we have given in the beginning of this statement of the plead-ings.

Defendant excepted to the demand upon the grounds—

That he had not been legally cited.

That the demand was barred by the prescription of one, three, five and ten years.

That plaintiffs are absolutely without legal right to maintain the suit or stand in judgment for the cause set forth in their petition.

That the court was without jurisdiction *ratione materiæ* to hear and determine the same.

That the probate proceedings and judgment of the District Court for East Feliciana in the succession of Louis H. Young, and the sale in pursuance thereof under which the defendant became the purchaser of the land described by plaintiffs, having been authorized and rendered by a court having jurisdiction, as shown affirmatively on the face of the record sent up by plaintiffs, can not be attacked in a collateral proceeding, but can only be annulled in a direct action in the court which authorized such proceedings, rendered such judgment and ordered such sale.

These exceptions seem to have been all fixed for trial in block and so tried, and upon this trial evidence was introduced by the defendant without objection from the plaintiffs. Defendant himself went upon the stand and testified, and from his testimony it would appear that the matter involved in this litigation is over two thousand dollars. Plaintiffs, by appealing to this court, recognize that as a fact such is the case.

The evidence referred to as offered by the defendant consisted of the record of the Sixteenth Judical District Court for the parish of East Feliciana of the succession proceedings in the matter of the succession of Louis H. Young. It was offered "for the purpose of supporting the plea of prescription set up by defendant, and for the purpose of supporting the exception of no cause of action, and the further purpose of supporting the allegation in the petition that this is a collateral attack upon a judicial proceeding, and for all other purposes the court may see fit to use on the trial of this cause."

On the trial of the exceptions plaintiffs introduced in evidence the *proces verbal* of the sheriff, being part of the record offered by the defendant, also the inventory for the purpose of showing that the land acquired by the defendant at the succession sale is identical in description with that sued upon in this case.

The District Judge adjudged and decreed that the peremptory ex-

ception filed by the defendant to the jurisdiction of the court be sustained and plaintiffs' suit be dismissed with costs.

From that judgment plaintiffs have appealed.

We are of the opinion that the court erred in sustaining the plea to the jurisdiction and dismissing plaintiffs' suit. Though no reasons are assigned for the court's action, we think it was based upon the theory that plaintiffs' suit was a collateral attack upon judicial proceedings, and that it fell under the provisions of Art. 608 of the Code of Practice, which requires an action of nullity of judgment to be instituted before the court which rendered the same; that therefore it should have been brought before the District Court for East Feliciana. The court was in error as to plaintiffs' demand. It is not an action of nullity, but a direct petitory action, or one of that nature, and as such could be brought in the parish of Orleans, the residence of the defendant. It is true that certain judicial proceedings are referred to in plaintiffs' petition, but they are only incidentally alluded to, and as nullities, and this simple reference does not determine the character of the action or the jurisdiction. Reynolds vs. Stille, 15 An. 544; Dauterive vs. Opera House Association, 46 An. 1322. The case falls under the principles announced in Belard & Johnson vs. Gebelin & Duggan, 46 An. 330; Heirs of Ford, *Id.*, 331; Mays vs. Witkowski, *Id.*, 1475.

Plaintiffs' theory in this case, as in Belard & Johnson vs. Gebelin & Duggan, is that all the judicial proceedings mentioned are absolute nullities needing no judicial action to set them aside. We say here, as we did there: "If plaintiffs think proper to go into the case on that basis, on the strength of the correctness of their legal conclusions on that subject, they have, *at their own risk*, the right to do so. Should it turn out on inquiry that the proceedings alluded to were not void as claimed, but simply voidable, and the case should be before the court without proper pleadings and the proper prayer, they may take nothing by their action. Defendant can not *in limine*, and on an exception, introduce evidence, and have the court pass upon the character of the proceedings, which plaintiffs assume and characterize as absolute nullities. That will be one of the issues on the merits." In addition to what we have just said, the court overlooked the fact that plaintiffs' action does not necessarily fall, even if the judicial proceedings themselves were valid and legal, for the sale following the proceedings is declared a nullity outside of the

proceedings themselves, on the ground that the purchaser at the sale stood in such a relation to the succession proceedings that he could not legally be a purchaser thereat. Whether that position be sustainable or not, it is an issue which would be *dehors* the prior judicial proceedings themselves, and would leave the action as to its jurisdiction properly in the District Court.

In discussing the issue presently before us, we have to take the case as it was actually brought, and not deal with it from the stand-point as to its being properly or improperly brought. If improperly brought that fact will in due time be developed, and the legal results flowing from that fact will ultimately follow.

For the reasons herein assigned it is ordered, adjudged and decreed that the judgment appealed from sustaining defendant's exception to the jurisdiction of the Civil District Court for the parish of Orleans, and dismissing plaintiffs' suit, be and the same is hereby annulled, avoided and reversed, and that said exception to the jurisdiction be and the same is hereby overruled, and the cause is reinstated on the docket. It is further ordered that the case be and is hereby remanded to the District Court for further proceedings according to law.