(34 South. 787.)

No. 14,539.

JEWELL et al. v. DE BLANC et al.*

(Feb. 16, 1903.)

NATURAL TUTRIX—APPOINTMENT—JURISDICTION—REMARRIAGE—EFFECT—RIGHT TO SUE —INVENTORY—SALE OF MINOR'S PROPERTY — RECOVERY — PETITORY ACTION — JUDGMENT—AMENDMENT.

1. The district court for the parish of the mother's domicile is the proper one to appoint and confirm her as natural tutrix.

2. By law, the wife is declared deprived ipso facto of the natural tutorship by contracting a second marriage without having provoked a family meeting to consider whether she should be retained or not. This is an affirmative pregnant, with the negative that her marriage, after provoking a family meeting, does not deprive her of the tutorship, even if the proceedings are not homologated.

3. Though at the time the order of court appointing and confirming a mother as natural tutrix of her minor children, and at the time of her taking the oath as tutrix, no inventory of the minors' property had been recorded or taken, her capacity to sue cannot be successfully attacked by the defendant in a petitory action, if at the time of the institution of the suit an inventory of the minors' property had been taken and recorded, and her status as tutrix has been recognized and acted upon by the district judge of her domicile. Irregularities in the matter of the appointment and confirmation of tu-

---

*Rehearing denied June 22, 1903.

tors can be urged by way of defense by third persons only in so far as this may be necessary for the protection of their own rights.

4. Where property belonging to minors has been illegally seized and sold as that of another person, the purchaser at such sale, in possession of the same in bad faith, cannot exact, as a condition precedent to the institution of a suit for its recovery, that plaintiff offer to reimburse him the amount he has paid for the property.

5. Minors whose property has been illegally seized and sold as that of another person are not forced to attack by direct action the title of the party in possession. They may at their risk ignore it as an absolute nullity, and institute a petitory action for its recovery.

6. Where a plaintiff and appellee has herself in her petition fixed the time from which she asks judgment for fruits and revenues against the defendant, the Supreme Court will not go back of that date on a prayer for an amendment of judgment made on defendant's appeal. It will, however, reduce a demand for money expended by defendant for repairs, on its being made to appear that rents received by him prior to the date so fixed by plaintiff were more than sufficient to cover the bill for repairs.

7. Where, on the declaration made by the party against whom a petitory action is brought, that he is a mere lessee, the lessor is brought into the action, the latter is the real defendant. He is a warrantor only in a qualified sense.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; Edward T. Weeks, Judge ad hoc.

Action by Eunice Jewell and others against Cyrus De Blanc and others. Judgment for plaintiffs, and defendants appeal. Amended.

Andrew Thorpe and Thomas H. Thorpe, for appellant L. R. Gaidry. Broussard, Dulany & Broussard, for appellees.

### Statement of the Case.

NICHOLLS, C. J. The present action is brought by the plaintiffs Eunice Jewell, who was at one time the widow of Paul F. Castille, and her second husband, R. J. Ross. They bring suit as coplaintiffs, and as acting as co-tutors of the minors, Eunice, Frank, and Clarence, issue of the first marriage of Eunice Jewell.

The plaintiffs averred that Eunice Jewell was married to Paul F. Castille on the 25th of November, 1885, and that the minors were the sole issue of said marriage, and the sole heirs and legal representatives of their father, who died on the 13th of November, 1894.

That after the death of her husband she removed from the parish of Iberia to the parish of St. Martin, and resided and had her domicile in said parish from the month of ——, 1895, until her return to Iberia parish in 189-, and that during the time that she was domiciled in St. Martin parish, on the 6th day of July, 1895, she was duly confirmed and qualified as the natural tutrix of her said minors, taking the oath of office at the same time that J. Numa Domengeau was duly appointed and qualified as undertutor.

That after her return to the parish of Iberia, where she again took up her residence and made her domicile, she was married to R. J. Ross on the 22d day of February, 1897, having, previous to said marriage, caused an estimative inventory to be made in Iberia parish of all the property, real and personal, belonging to said minors, and the record of the minors' legal mortgage to be made according to law, and also caused a family meeting to be convoked and held in Iberia parish for the purpose of authorizing her to retain the tutorship of her minor children after she should have contracted a second marriage.

That by reason of the recommendation and authority of the proceedings of said family meeting, duly homologated, she had retained the tutorship of her minor children, and her second husband R. J. Ross, coplaintiff herein, became the co-tutor under the law.

That at the time of his death the father of said minors owned a house and lot in the town of New Iberia, Iberia parish, La., which was his separate property, acquired by him on the 18th day of March, 1884, previous to his marriage to petitioner, Eunice Jewell, and which said property was now owned by said minors, and which property she described.

That said property was occupied by them and said minors until the month of October, 1899, when the same was leased by her to W. B. Davis, and petitioners and said minors left the parish of Iberia, and took up their residence in Covington, La. That on the 1st day of October, 1900, one Cyrus De Blanc, a resident of Iberia parish, La., took actual possession of said property without right or color of title, and had occupied the same since that time, and was a trespasser thereon, well knowing that he was without right, and was forcibly holding possession against the consent of the owners of said property.

That said property was worth $2,500, and that the rents thereof were worth $18 per month, and that said defendant owed petitioner rents and revenues at that rate from the date of his possession until the final delivery of said property to petitioners. That the title of said minors to said property had never divested, and that any pretended sales or title that might be opposed to said minors was an absolute nullity.

Petitioners reserved the right to sue for the rents of said property paid by W. B. Davis to L. R. Gaidry, amounting to $87.50.

Petitioners averred that on the 17th day of December, 1900, she filed suit against said defendant to recover said property, and that in said suit a nonsuit was entered on the 10th day of July, 1901, and that no appeal had been taken from said judgment, and the costs of said suit had been paid.

Petitioner alleged amicable demand made in vain.

In view of the premises, petitioners prayed that Cyrus De Blanc be cited, that there be judgment in favor of the petitioners and against the defendant, recognizing the minors, Eunice, Frank, and Clarence Castille, as the sole legal heirs of Paul F. Castille and owners of the property described in their petition, and putting them in the actual possession of said property through their legal representatives, and for all necessary orders in the premises.

Petitioners further prayed for judgment against the defendant for the rents and revenues of said property from the 1st day of October, 1900, until its delivery to petitioners, at the rate of $17.50 per month, and for interest at the rate of 5 per cent. per annum on said amount from time it was due until paid.

Cyrus De Blanc appeared and suggested to the court that he was a lessee of the property in litigation. That he occupied such property by a regular lease, and not as trespasser, and that such lease was by, from, and under Lovell R. Gaidry, who was the owner of such property by reason of a judicial transfer, regular in form, from the sheriff of Iberia parish.

He prayed that said Lovell R. Gaidry be cited to appear and defend the suit, and after the legal delays having elapsed and a trial had, that defendant be dismissed hence with his costs. He prayed for all further orders and decrees necessary, and for general and for equitable relief.

The district judge recused himself, and E. T. Weeks was appointed and sworn as judge ad hoc.

L. R. Gaidry appeared and excepted that Mrs. Eunice Jewell was not authorized by her husband nor by the court to stand in judgment, and prayed that the suit be dismissed for want of a party plaintiff.

He filed a second exception that Eunice Jewell was not the tutrix of the minors, nor was R. J. Ross their co-tutor; that no evidence of mortgage against R. J. Ross as co-tutor was recorded as required by law before the homologation of the proceedings of the family retaining Mrs. Eunice Jewell in the tutorship of the minors, and hence no legal homologation of the same could be made; that upon her marriage with Ross, without such recording and homologation, she was deprived of the tutorship, and Ross did not and could not become co-tutor. He further excepted that Mrs. Eunice Jewell was never confirmed as natural tutrix of her minor children by any court of competent jurisdiction; that her confirmation by the district court of St. Martin was invalid for the reason that she was not domiciled in said parish, and had failed to preserve the mortgage of minors by inscription upon the proper records of an inventory of the effects belonging to them, previously presenting to said court her petition for confirmation. He filed a third exception to the right of Ross to stand in judgment as co-tutor, on the ground that he had never taken the oath required by law, nor had the inventory and mortgage of the minors recorded as against him.

He filed another exception that plaintiffs had no right of action for the reason that, he being a purchaser in good faith at a judicial sale of the property in litigation, it was unlawful to attack its validity in a collateral way, as was sought to be done; further, as a condition precedent to annul a sale made by judicial mandate and conveyed to him for a moneyed consideration paid in good faith, that a tender of such purchase price together with its interest and all expenses, costs, taxes, etc., be for it made.

Defendant finally answered, under reservation of his exceptions. He pleaded, first,

the general issue, and followed the plea by a repetition of all the grounds of exception which he had urged. He then averred that he was the owner of the property by a judicial title which upon its face was prima facie valid, and he denied plaintiff's right to sue in disregard of such title, and thereby escape the condition precedent of a tender of all moneys and expenses paid by defendant warrantor in the purchase of such judicial title, which would be shown upon the trial of the cause.

He averred that, when such judicial title should be shown to the court, then and in that event plaintiff must be relegated to a direct action assailing such title. He further averred that the fieri facias under which such property was adjudicated to defendant warrantor was in pursuance of a judgment in rem. It ordered an enforcement of a lien upon the property by public sale; that such transfer could not be disturbed save by direct action, to which the lien claimants and creditors must be made parties.

He averred that the recognition of the lien had passed to finality beyond question by appeal, and could not be indirectly questioned by the petitory action.

He pleaded that in the event that the court should decree a judgment adverse to him, then in the same decree there should be ordered refunded to him the amount paid for the adjudication of the property to him, as well as for all other costs according to a list which he furnished, making a total of $391.

He pleaded that the payment to him of such sums be made a condition precedent to the execution of any adverse judgment.

He prayed that there be judgment dismissing the suit of plaintiff at her costs, or, if such be not the decree of the court, that warrantor be ordered paid the sums in reimbursements, as itemized, before the execution of any judgment in favor of such plaintiff.

Judgment was rendered in the district court in favor of the plaintiff. The court adjudged and decreed that the plaintiff have and recover judgment recognizing the title and ownership of the property sued for, and described in the petition as being in the minors, Eunice, Frank, and Clarence Castille,

the issue of the marriage of Paul F. Castille and Eunice Jewell, and decreeing the defendant L. R. Gaidry to be a possessor in bad faith, and a trespasser upon the property, liable for the rents and revenues thereof.

It further ordered, adjudged, and decreed that the minors be placed in possession of the said property which was described.

It further ordered, adjudged, and decreed that the plaintiff have and recover of the defendant L. R. Gaidry rents and revenues of said property at the rate of $15 per month from the 17th day of November, 1900, until the said property was finally delivered to the plaintiff, together with 5 per cent. per annum interest on said rents and revenues from this date until paid.

It further ordered and decreed that the said L. R. Gaidry have and recover by way of reconvention the sum of fifty dollars ($50) taxes on said property, and the further sum of forty-five dollars and thirty-seven cents ($45.37) for repairs made thereon, and that each and every other item of the reconventional demand be rejected.

Defendant appealed.

Appellee has prayed that the judgment be amended so as to allow plaintiff rents at the rate of $17 per month from the 1st day of April, 1900, until delivery of the property, and so as to reduce the amount allowed the defendant in reconvention to the sum of fifty ($50) dollars for taxes and fourteen ($14) dollars for repairs; and that, as so amended, said judgment be affirmed.

### Opinion.

The judgment appealed from which recognizes and decrees the minors, Eunice, Frank and Clarence Castille, issue of the marriage of Paul F. Castille and Eunice Jewell, to be the owners of the property described in the petition herein, and ordering that they be placed in possession thereof, is unquestionably correct. It was acquired by their father prior to his marriage, and was inherited by them at his death. Their title has been divested neither by proceedings had on their behalf nor proceedings taken adversely to them. The claim of the defendant Gaidry to ownership of the property rests upon a sale made to him on the 14th of March, 1900, by A. J. Stafford, a deputy sheriff of the parish

of Iberia, acting under a writ of fi. fa. to him directed in execution of a judgment rendered on the 2d of January, 1900, by Robert Brown, a justice of the peace in and for the Sixth Ward of the parish of Iberia, in the matter of Ludnam & Burnham v. Mrs. R. J. Ross and R. J. Ross, her second husband (whom she had married on the 22d of July, 1897). The minors above named were not parties to that suit. It was brought against their mother for $71.71, with interest and costs. A writ of fieri facias issued under this judgment, directed, not to the sheriff of the parish of Iberia, as required by article 1146 of the Code of Practice, but to A. J. Stafford, deputy sheriff, commanding him by seizure and sale of the property, real and personal, rights and credits, of Mrs. R. J. Ross, he cause to be made the amount of the said judgment, interest, and costs. Under that writ the deputy sheriff seized, not the property of Mrs. R. J. Ross, as he had been ordered to do, but the property in litigation herein, which belonged to her minor children, the issue of her marriage with Paul F. Castille. The property was seized, advertised, and sold as Mrs. Ross' "property." It was adjudicated on 12 months' credit (there being no bidders at the first offering) to the defendant herein, Gaidry, for the sum of $153. In compliance with his bid, he paid to the deputy sheriff $72 cash for costs, and for the balance furnished his 12 months' bond in favor of the seizing creditors. The property had been appraised at $2,800. At the time of this adjudication so made, the property was in the occupancy of one T. W. B. Davis, as tenant under a lease from Mrs. R. J. Ross, up to October, 1900. At the termination of Davis' lease Gaidry leased the property for a time to Ortmeyer, and then to one Cyrus De Blanc. On the 19th of December, 1900, the plaintiff Mrs. Eunice Jewell, as tutrix of her minor children, instituted a petitory action to have them decreed owners of this property and placed in possession of the same. The action was brought against Cyrus De Blanc, who was then occupying the premises. He averred his occupancy to be as the tenant of the defendant Gaidry, and the latter was called into the case as the real defendant. That case was dismissed on exceptions. The present petitory action was instituted on September 6, 1901, against Cyrus De Blanc,

then in corporeal possession of the property. He again averred himself to be in possession as tenant of the defendant Gaidry, and the latter was again called in and made the real defendant. The case went to trial contradictorily with him, resulting in the judgment against him, from which he has appealed. He urges in this court certain exceptions taken by him in the lower court which were by it overruled. He contends that the suit should have been dismissed because Mrs. Ross was not authorized by her husband. We do not appreciate the force of this objection, as the petition declares it to be that of Mrs. Eunice Jewell, the wife of R. J. Ross, both residents of St. Tammany, who appear herein as co-plaintiffs in their respective capacities as the natural tutrix and co-tutor of the minors, Eunice, Frank, and Clarence Castille.

He urges next, for several reasons, that Mrs. Eunice Jewell is not legally the natural tutrix of the minors: (1) Because the order appointing and confirming her as such was made by the court for the parish of St. Martin, instead of the court for the parish of Iberia.

(2) Because at the time the order of that court, of the 16th of July, appointing and confirming her as tutrix was made, and her oath was taken as tutrix (on the same day), no inventory of the minors' property had been taken and recorded.

(3) Because, if she had been in fact the legally appointed and confirmed natural tutrix, she lost the tutorship by contracting a second marriage prior to the homologation of the proceedings of a family meeting recommending her retention as tutrix.

The evidence shows that the mother did contract a second marriage on the 22d day of February, 1897, but that on the 19th of February, 1897, on her petition, the district judge of the Nineteenth Judicial District Court ordered the taking of an inventory of the minors' property, and the convening of a family meeting for the purpose of taking into consideration the subject of the retention of the mother as tutrix. That the inventory ordered was made on the 20th of February, 1897, and recorded on the 6th day of May, 1897. That the family meeting referred to was held on the 20th of February, 1897, and advised that the mother be retained in her tutorship, and that the proceedings were ap-

proved and homologated on the 6th of May of the same year. It also shows that at the time the order appointing and confirming Mrs. Castille as tutrix was made, and at the time she took her oath as such, she was domiciled in the parish of St. Martin, but no inventory of the minors' property had been recorded or made.

In the cases of Rachal v. Rachal's Heirs et al., reported in 10 La. 455, and Same v. Rachal, Id. 461, this court held that "the wife is deprived of her tutorship ipso facto if she marries again without having provoked a family meeting; that this was an affirmative pregnant, with the negative that her marriage, after provoking a family meeting, does not deprive her of the tutorship, even if the proceedings are not homolgated."

At the time of the institution of the present action the mother was acting as natural tutrix under an order of court appointing and confirming her as such; under said order she had taken an oath as tutrix; at her instance an inventory of the minors' property had been taken and recorded, and her status as natural tutrix had been recognized and acted upon by the judge of the Nineteenth District, where the parties were then domiciled, where the father had died, and the property of his succession was situated.

The proceedings were irregular, but it by no means follows that the defendant can take advantage of them. He appears before this court appealing from a judgment in favor of the minors decreeing them to be the owners of the property involved in this litigation, and adjudging him to be illegally in possession of the same.

The effect of our sustaining defendant's exceptions would be to dismiss this suit, and by so doing enable the defendant to maintain and prolong his illegal possession of the property, to the prejudice of the minors. The laws which he invokes for that purpose were enacted in the interest of the minors and for their protection, and irregularities as to their observance can be invoked by third parties only in so far as may be necessary for the protection of their own interests.

We think the situation in this case is such as to render it perfectly safe for the defendant to deal with the plaintiff Mrs. Ross as tutrix of her minor children. The payment to her, as such, of any money which he is decreed herein to make to the minors, will be fully protected. Heirs of Ford v. Mills, 46 La. Ann. 331, 14 South. 845.

The defendant's contention as to the necessity of a tender to him, as a condition precedent to the institution of the present suit, is utterly untenable. The defendant is not entitled to be reimbursed the amount expended by him in compliance with the terms and conditions of the sale made to him. The proceedings were not only not to the interest of the minors, but greatly to their prejudice, and they have given rise to this adverse expensive litigation. Heirs of Wood v. Nicholls, 33 La. Ann. 744; Heirs of Self v. Taylor, 33 La. Ann. 769; Heirs of Burney v. Ludeling, 41 La. Ann. 627, 6 South. 248; Fontenot v. Manuel, 46 La. Ann. 1379, 16 South. 182; Heirs of Burney v. Ludeling, 47 La. Ann. 88, 16 South. 507; Belard & Johnson v. Gebelin, 47 La. Ann. 167, 16 South. 739.

The contention of defendant that his title to the property cannot be collaterally called in question, as has been attempted herein, is also untenable. Plaintiff did not attack his title; she brought a petitory action ignoring it as being an absolute nullity. This she was authorized to do, taking upon herself the risk of being able to sustain that position. When defendant set up a title, plaintiff had the right to show and insist that it was absolutely void, and such we declare it to be. See Heirs of Ford v. Mills, 46 La. Ann. 337, 14 South. 845, and authorities therein cited; Bledsoe v. Erwin, 33 La. Ann. 617, 618; Beland v. Gebelin, 46 La. Ann. 326, 14 South. 843; Callahan v. Fluker, 47 La. Ann. 431, 16 South. 943.

The exceptions filed by the defendant were correctly overruled. The district court held the defendant to be in possession in bad faith, and, as prayed for by plaintiff, liable to the minors, for the fruits and revenues of the property, at $15 per month from the date of Cyrus De Blanc's taking possession thereof, which date the court fixed as being the 17th of December, 1900, the date of the first suit instituted against him by plaintiff. Defendant, from the date of the institution of that suit, was unquestionably in bad faith, and thereafter liable for fruits and revenues. Montgomery v. Whitfield, 41 La. Ann. 649,

6 South. 224; Durbridge v. Crowley, 44 La. Ann. 74, 10 South. 402.

We do not think the judgment should be amended so as to charge defendant with the revenues back of the date fixed by plaintiff herself in her petition.

The court rendered judgment in favor of defendant on his reconventional demand for $50 as reimbursement to him for taxes paid on the property, and $45 expended by him in repairs upon the same. Plaintiff concedes that the judgment is correct in so far as it decrees repayment of the $50, and, as to the claim for repairs to the extent of $14.60, she insists, however, that that claim should be reduced. We think she is entitled to this reduction. Defendant, in the interval between his purchase of the property and the date at which his liability for rent is herein made to begin, received from tenants an amount more than enough to cover his expenditures for these repairs.

The defendant Gaidry has been referred to throughout as "a warrantor" brought into the case. That is his position only in a qualified sense. The action, being a petitory one, was brought primarily against Cyrus De Blanc, then in the actual occupancy of the property. His status being simply that of a tenant of Gaidry, who himself was present in the state, he was not competent to stand in judgment upon the issue of ownership. He did not claim ownership himself. He held possession for his lessor, Gaidry. The party claiming ownership and holding possession through his tenant was called into the case as the actual defendant. Quoad the plaintiff, the defendant has been in possession of the property from the time of his purchase. Young v. Chamberlin, 14 La. Ann. 687.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be amended so as to reduce the amount decreed to defendant, on his claim for repairs made in his reconventional demand, from $45 to $14.60, and that the judgment of the district court as so amended be affirmed, with costs in both courts upon appellant. It is further ordered and decreed that the defendant be credited on this judgment with any amount which the plaintiff may receive from the rents placed on deposit in bank awaiting the final decision of his cause.