The plaintiffs in this case are the three minor children of Charles R. Stone by a previous marriage. He appears here as their tutor and seeks to recover possession of a diamond ring which he alleges that they inherited from their deceased mother, Mrs. Gertrude Brinkman Stone, who died intestate on June 14, 1939, leaving said minors as her sole and only heirs, and that the defendant has heretofore taken possession of said ring and refuses to surrender and deliver it, notwithstanding repeated amicable demand made on behalf of said minors.
Plaintiff prayed for a temporary restraining order and for a rule to show cause why a preliminary writ of injunction should not issue, prohibiting the defendant from disposing of the ring during the pendency of the suit.
After several exceptions had been filed and overruled, and a preliminary writ of injunction had been ordered issued, the defendant filed answer in which she admitted that the plaintiffs are the heirs of Mrs. Gertrude Brinkman Stone, and admitted that she had possession of the ring and refuses to surrender it. The other allegations of the plaintiffs' petition are denied, and further answering, she alleges that Charles R. Stone is a necessary party to this suit in his individual capacity, and should be called in warranty for the reason that defendant is the owner of the diamond in question; the said Charles R. Stone, having made a manual gift thereof to her on or about August 7, 1940, at 140 Herndon Avenue, Shreveport, Louisiana, placing the ring upon her finger at that time and place as an engagement ring in contemplation of future marriage, and that since that time she has had peaceable possession as owner without knowledge of adverse claims or the alleged outstanding ownership. That pursuant to their agreement to marry, and the manual gift of the ring as consideration therefor, plaintiff and defendant were married on August 7, 1940, and lived together for several years thereafter as man and wife in the city of Shreveport. *Page 717 
She alleges that she filed suit against Charles R. Stone on January 17, 1945, for separation from bed and board, because of his excesses, outrages, and cruel treatment, rendering their further living together insupportable.
She prays that Charles R. Stone be called in warranty to defend her title and ownership of the ring and that the demands of the plaintiff in the main action be rejected, and that she be recognized as the owner of the diamond ring and entitled to retain the possession of the same. In the alternative, she prays that she have judgment against Charles R. Stone for damages in the sum of $1,000, his admitted value of the ring and that the preliminary writ of injunction issued herein be recalled.
On December 31, 1945, she filed an amendment to the call in warranty in which she alleges that her marriage to Charles R. Stone, the charge imposed upon her as the consideration for the donation of the ring, exceeded in value that of the ring.
In answer to this call in warranty, Charles R. Stone appeared by way of an exception of no cause or right of action, in which he alleges that on April 17, 1945, by judgment rendered in cause No. 91,486 on the docket of the District Court, judgment of separation from bed and board was rendered in favor of Charles R. Stone and against Billie Pauline Merritt Stone, on the ground of her abandonment of him.
He further alleges that the call in warranty seeks to require him to protect the title and ownership of defendant to the diamond upon the allegation of a donation inter vivos on August 7, 1940, in contemplation of marriage, all in contravention of Article 156 of the Revised Civil Code, which provides that the party against whom a separation from bed and board shall have been pronounced shall lose all donations the other party may have conferred by the marriage contract.
After hearing on this exception, the District Judge sustained the exception and dismissed the defendant's call in warranty. From this judgment, the defendant took a suspensive and devolutive appeal.
In this court, the appellee has filed a motion to dismiss the appeal, contending that the decree dismissing the call in warranty is interlocutory and therefore is not appealable.
[1] We are of the opinion that the judgment is one from which an appeal may be taken. In the case of Young v. Chamberlin et al., 14 La. Ann. 687, the Supreme Court said:
"The defendant appeals from the dismissal of a call in warranty, in a petitory action instituted against him. The appellee moves to dismiss the appeal, on the ground that the dismissal of the warranty is an interlocutory order, and does not work an irreparable injury.
"This ground is not tenable. The Code of Practice authorizes a party in possession of land, who is sued for the same, to make his vendor a party to the suit, and to transfer its defence to such warrantor. It is evident, that a subsequent order by which his warrantor is put out of court, may cause him an irreparable injury, and is, consequently, appealable."
While this is an old case, we have not found any case overruling the holding of the court in that case. Even though we are of the opinion, as set out below, that the plaintiff in the call in warranty in this case has no cause and no right of action, this does not give the appellee the right to have the appeal dismissed on the ground that the judgment is interlocutory. For this reason the motion to dismiss the appeal is denied.
[2, 3] With reference to the exception of no cause and no right of action, we are of the opinion that the District Judge correctly sustained the exception and dismissed the call in warranty by reason of the provisions of Article 156 of the Revised Civil Code, and for the further reason that we know of no law that gives a donee who has been evicted an action of warranty against a donor.
For these reasons the judgment appealed from is affirmed, at the cost of the appellant. *Page 718