121 So.2d 843

**James J. TRACY et al.**

v.

**August DUFRENE et al.**

No. 44240.

June 29, 1960.

Coe, Nowalsky & Lambert, John D. Lambert, Jr., Harry Nowalsky, New Orleans, for plaintiffs-appellants.

Gemeinhardt, Johannesen, Roberts & Lacour, J. R. Pertuit, Walter F. Gemeinhardt, New Orleans, for defendants-appellees.

McCALEB, Justice.

This is an action to establish title to real estate, brought by plaintiff under the provisions of Act 38 of 1908 (R.S. 13:5062). The suit was brought in St. Charles Parish where the real estate in question is located, and plaintiffs alleged in their petition that both they and defendants claim under recorded titles and that neither claimant is in actual possession of the property.

Plaintiffs averred in their petition that they derive their alleged title from a transfer by defendants of an undivided one-half interest in the property to the law firm of Tracy & Neuhauser in 1941. This transfer of the property is said to have been made as part of a power-of-attorney coupled with an interest (styled a Procuration) which was given to the law firm. Plaintiffs further alleged that defendants had brought suit in the Civil District Court for the Parish of Orleans asserting the illegality

of the transfer and obtained judgment from that court "setting aside the power-of-attorney and transfer of interest in the real estate therein named." This judgment was affirmed on appeal to this Court. See Dufrene v. Tracy, 232 La. 386, 94 So.2d 297.

Plaintiffs contended in their petition in the instant case that the Civil District Court for the Parish of Orleans was without jurisdiction ratione materiae to adjudicate in the above mentioned previous suit any rights, title, interest or ownership in the property in question, since that property was located in St. Charles Parish, and that any proceedings insofar as they purport to affect plaintiffs' rights in that property are absolutely null. It was also alleged that the judgment of this Court, which affirmed the judgment of the district court, is absolutely null because it merely affirmed a null judgment.

▮ In due course, defendants appeared and excepted to the jurisdiction of the trial court, ratione materiae. The judge maintained this exception and dismissed plaintiffs' suit on the ground that a district court does not have the power to annul a judgment of the Supreme Court. Plaintiffs then brought this appeal which presents solely for determination the question of whether the district court was correct in finding that it did not have jurisdiction of the case.

There is no doubt that the district court had jurisdiction to try the action to establish title to real estate, since the property involved was located within the jurisdiction of the court (R.S. 13:5062). However, it appears that plaintiffs admit that they would have no recorded title, and, therefore, no cause of action under R.S. 13:5062, if the judgment in the case of Dufrene v. Tracy, referred to above, is allowed to stand. Thus, a finding by the district court that this judgment is null is essential to plaintiffs' case and, if the district court did not have the jurisdiction to determine that question, plaintiffs' case would fall at that point in its entirety.

In determining whether the district court had jurisdiction to pass on the nullity urged by plaintiffs, two questions must be considered. First, we must decide if any district court has the power to declare the absolute nullity of a judgment rendered by this Court and, if we find that it has the right to so decree, it must then be determined whether such absolute nullity can be declared by a court other than the district court which rendered the judgment which was reviewed.

In support of his ruling in the instant case that no district court has the power to declare the nullity of a Supreme Court judgment, the trial judge relied on the decisions in Melancon's Heirs v. Broussard, 2 La. 8, and Succession of Martin v. Succession of Hoggatt, 37 La.Ann. 340. How-

ever, those two cases, while using strong language which the judge, no doubt, had good reason to believe was controlling, are contrary to the later jurisprudence and are otherwise distinguishable.

■ The Melancon's Heirs case, decided in 1830, held that a district court could not declare the nullity of a Supreme Court judgment when the ground of attack was that the original judgment had been obtained by fraud. The attack on the judgment in the case at bar is based on a claimed *absolute* nullity of the judgment of this Court insofar as it determines title to the real rights involved. Hence, the ruling in the Melancon case could not control here because it has been recognized by this Court that a district court has the power to declare the *absolute* nullity of a Supreme Court judgment in any case where an attempt is being made to enforce that judgment. Edwards v. Whited, 29 La.Ann. 647; Andrews v. Sheehy, 122 La. 464, 47 So. 771.

Moreover, the ruling in the Melancon's Heirs case has not been followed by the later jurisprudence. In Adkins' Heirs v. Crawford, Jenkins & Booth, 200 La. 561, 8 So.2d 539, the plaintiff sued for the nullity of a district court judgment which had been affirmed by the Supreme Court on appeal, contending that the judgment had been obtained through fraud and ill practice. It was there held that plaintiffs' allegation, that the judgment sought to be annulled had been procured by perjured testimony, set forth a cause of action, and the case was remanded for a decision by the district court on the question of the nullity of the former judgment. True, no mention was made, and apparently no consideration in the cited case given, to the holding in the Melancon case but, since the Court reached a conclusion contrary thereto, it necessarily follows that the Melancon case was overruled by implication.

■ Hence, this Court has, as recently as 1942, recognized that a district court could declare the nullity of one of its own judgments on the ground that it had been obtained through fraud, even though the judgment had been affirmed by this Court on appeal. This, we think, is proper as we find it difficult to perceive why a judgment obtained through fraud or ill practice should be immune from an action of nullity because it has been approved on appeal by this Court, so long as this Court has not passed on the issue upon which the annulment action is based.[1]

1. In this connection, it is also apt to note that the new Louisiana Code of Civil Procedure, which was recently passed by our State Legislature, and which is to go into effect on January 1, 1961, provides in Article 2006 that an action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court.

In the second case relied on by the district court, Succession of Martin v. Succession of Hoggatt, supra, the plaintiff was suing to execute a money judgment which had been affirmed by this Court. The defendant pleaded that the judgment, as affirmed, was an absolute nullity and the district court maintained that plea. On appeal, it was held that the district court had no right to annul the judgment but, in its opinion rejecting an application for rehearing, the Court made it clear that its reason for refusing to consider the plea of nullity was because that issue had been disposed of by this Court when the case was before it on the first occasion.

Being of the opinion that the trial judge erred in finding that a district court is powerless to declare the nullity of a judgment rendered by this Court on appeal, we direct our attention to defendants' contention that the district court for the Parish of St. Charles is without authority, in view of Article 608 of the Code of Practice, to declare the absolute nullity of a judgment rendered by the district court for the Parish of Orleans. Article 608 provides:

"The nullity of judgment may be demanded from the same court which has rendered the same, or from the court of appeal before which the appeal from such judgment was taken, pursuant to the provisions hereafter expressed."

█ Although the quoted provision appears to be explicit, it has been modified by the jurisprudence. For instance, there are many cases which hold that a defendant may plead as a defense in any court the absolute nullity of any judgment sought to be executed against him. Alter v. Pickett, 24 La.Ann. 513; Edwards v. Whited, 29 La.Ann. 647; Andrews v. Sheehy, 122 La. 464, 47 So. 771.

This doctrine was further extended as early as 1881 in the case of Bledsoe v. Erwin, 33 La.Ann. 615. In that case it was recognized that a plaintiff could couple with a principal demand (a petitory action in that suit) an allegation that a judgment rendered by another court was an absolute nullity and pray that that judgment be annulled, and that the court with jurisdiction of the principal demand could pass on the question of the absolute nullity of the former judgment if the success or failure of the main demand depended on the outcome of the nullity issue.

Later, this extension of the doctrine was reaffirmed in Decuir v. Decuir, 105 La. 481, 29 So. 932, 933, which may be classified as the leading case on the subject. There, the plaintiffs sued for partition of certain property and the defendants opposed the partition by pleading that the land had already been partitioned in compliance with a judgment rendered by a court of another jurisdiction. The plaintiffs then filed an

amended petition in which they averred that the tract of land was still held in common because the judgment ordering the sale, and the sale itself, were absolute nullities. The district court held that, under Article 608 of the Code of Practice, it could not determine the nullity of a judgment rendered by another court. But, on appeal, this ruling was found to be erroneous. In reversing the decision and remanding the case for a determination of the status of the former judgment, the Court said:

"The error of this ruling lies in the failure of the judge to distinguish between judgments that may be voidable and those absolutely void. As to the former, suits of nullity must be brought before the court which rendered the judgments. As to the latter, if a judgment is absolutely null for defects patent on the face of the proceeding, the party opposing its effect as to him need not resort to a direct action in the court which rendered it to secure the declaration of its nullity. * * *"

To the same effect see also Callahan v. Fluker, 47 La.Ann. 427; Buillard v. Davis, 185 La. 255, 169 So. 78.

In the instant case, plaintiffs did not bring suit solely to have the nullity of a judgment declared. Their principal demand is for establishment of title to real estate, to which the charge of the nullity of another judgment was coupled as a demand which, albeit essential to plaintiffs' success, is incidental to the decision of the main question. Thus, the plaintiffs are urging the absolute nullity of the judgment of another court and opposing its effect as to them insofar as it might be used by defendants to defeat their principal demand.

We cannot on this appeal pass on the issue of the alleged nullity of the judgment of the district court of Orleans Parish, which was affirmed by this Court. Our review is restricted to a consideration of the question of whether the district judge had jurisdiction ratione materiae to pass on the alleged nullity of the judgment of another court and we hold that he did have that jurisdiction.[2]

■ Defendants have filed in this court an exception and plea of res judicata but it is clear that the nature of their complaint is that the instant case is res judicata on the merits. Since the case is not now

---

2. Under similar circumstances, the Court stated in Decuir v. Decuir, 105 La. 481, 29 So. 932, 934, that "It is not our purpose to pass upon any of these questions (pertaining to the alleged nullity of judgment) now. They have not been adjudicated by the court of the first instance. The case comes to us practically dismissed by the district judge upon an exception of want of jurisdiction. We hold that there was error in this, and that the case must be sent back." (Words in parentheses ours).

before us on the merits, but only on the issue of whether the district court of St. Charles Parish has jurisdiction, ratione materiae, we cannot pass on the issue raised by the plea.

The judgment appealed from is reversed; the exception to the jurisdiction of the district court, ratione materiae, is overruled and the case is ordered remanded for further proceedings in accordance with law. The costs of this appeal are to be paid by defendants.

HAWTHORNE, J., absent.

121 So.2d 847