REGAN, Judge.
Plaintiffs, James J. Tracy and his assignees,[1] instituted this suit in the Twenty-Ninth Judicial District Court for the Parish of St. Charles endeavoring to establish title to real estate located therein. They asserted ownership of a fractional interest in the land by virtue of a power of attorney and transfer of interest therein executed by the defendants,[2] August Dufrene, Mrs. Josephine Dufrene Ordoyne and John Candies, Jr.
Coupled with the foregoing action is an incidental demand to nullify a judgment rendered by the Civil District Court for the Parish of Orleans, which cancelled the power of attorney and ordered its inscription erased from the conveyance records of St. Charles Parish. Plaintiffs alleged that the Orleans Civil District Court lacked jurisdiction ratione materiae to adjudicate their rights to real property which was not located in Orleans Parish, and in the alternative, they insisted that the judgment was ineffective since it failed to particularly describe the real property.
Defendants pleaded the exceptions of no right or cause of action and res judicata. They then answered denying the validity of plaintiffs’ recorded title, and reconvened asserting their own ownership.
From a judgment maintaining all the exceptions, dismissing plaintiffs’ suit on the merits and recognizing the ownership of the defendants in the disputed interest to the land, the plaintiffs have prosecuted this; appeal.
The recorded power of attorney, upon which plaintiffs predicate their claim as owners, was executed in the form of an authentic act in 1941, and according to its provisions the defendants herein “sold” to James Tracy, an attorney, an undivided one half interest in a tract of land in consideration for past and future legal services to be rendered by Tracy in establishing the Dufrenes as record owners of the property.
Tracy took no action to revindicate the Dufrenes’ title for fourteen years; therefore, on August 9, 1955, they instituted suit in the Civil District Court for the Parish of Orleans to have the power of attorney and the fractional interest transferred therein decreed null and void. Further, the Dufrenes sought to have any assignments of the purported interest held by Tracy can-celled from the public records of St. Charles Parish.
The trial court granted the relief for which plaintiffs prayed, and on appeal, the Supreme Court affirmed that result.[3]
Thereafter, the Tracy interest filed this suit in St. Charles Parish and the defendants, the Dufrenes, first pleaded that the court lacked jurisdiction ratione materiae to nullify a judgment of the Civil District Court, and its subsequent affirmation by the Supreme Court.
The trial judge maintained the exception to the jurisdiction ratione materiae but this ruling was reversed by the Supreme Court and the case was remanded for a trial on the merits.[4]
*680 Plaintiffs action to establish title was instituted in conformity with the provisions of LSA-R.S. 13:5062, which reads in part:
“In all cases where two or more persons lay claim to land by recorded title and where neither of the claimants are in the actual possession of the land so claimed, either of the claimants may bring suit against one or all the adverse claimants, * * *. This action shall be known as the action to establish title to real estate. * * * ” (Emphasis added.)
Therefore, to prosecute their main demand, plaintiffs, as a prerequisite, must first prevail in the action of nullity. This was succinctly pointed out by the Supreme Court when this matter was before it on the exception to the jurisdiction. In that opinion,[5] the organ of the Court observed:
* * However, it appears that plaintiffs admit that they would have no recorded title, and, therefore, no cause of action under R.S. 13:5062, if the judgment in the case of Dufrene v. Tracy, referred to above is allowed to stand. Thus, a finding by the district court that the judgment is null is essential to plaintiffs’ case and, if the district court did not have the jurisdiction to determine that question, plaintiffs’ case would fall at that point in its entirety.”
Thus, we are initially required to determine the propriety of the trial court’s dismissal of the action in nullity.
Plaintiffs first argue that the judgment rendered by the Civil District Court for the Parish of Orleans was null since the court lacked jurisdiction ratione materiae to render a judgment affecting plaintiffs’ rights, title, interest or ownership in real property located in another parish.
Plaintiffs apparently base their argument on the premise that the suit brought in the Civil District Court for the Parish of Orleans was a real action; but in reality it was a personal action to set aside a contract.[6] The Orleans Court concluded that no real right was transferred by the power of attorney since the Dufrenes, who had neither possession nor ownership, had no real right to transfer. At the time the Du-frenes cancelled the power of attorney they possessed merely a litigious right, namely, one that could not be exercised without the institution of a lawsuit.[7] Therefore, the Tracy faction received an interest in a real right that would not become vested in it until Tracy, litigiously, successfully established title in the Dufrenes, and this was never consummated.
Although plaintiffs concede that the Orleans Court had jurisdiction to nullify the contract granting the power of attorney, they insist this judgment cannot affect the recordation of the transfer of a real interest recited therein since the land is situated in St. Charles Parish.
We find no merit in this contention. A judgment in a personal action, which incidentally affects real estate located in another parish, cannot be rendered unenforceable in the parish where the land is located.
But even were we to conclude that the Dufrene suit possessed partial char *681 acteristics of a real action, we would classify it as an action in revendication, which, in conformity with the rationale of Code of Practice, Article 163, may be brought either at the situs of the land or the domicile of the defendants, at plaintiffs’ option. In this instance the defendants were all domiciled in Orleans Parish.
This option to select a forum in an action of revendication was recognized in the case of Jefferson v. Tennant.[8] Therein, suit was instituted in Tensas Parish to set aside an employment contract, which purported to convey to an attorney an undivided one-half mineral interest in land situated in that parish. The defendant, domiciled in Jefferson Parish, excepted to the jurisdiction ratione personae, asserting that the proper forum was the district court in the parish where he was domiciled. Because plaintiff failed to pray for revendication, the court concluded that the defendant must be sued at his domicile. However, the court indicated that had the plaintiff also prayed for revendication of the property, he would have had the option to sue either in Tensas Parish (the situs of the land) or Jefferson Parish (defendant’s domicile).
Plaintiffs argue, in the alternative, that the judgment was null because it failed to particularly describe the property in conformity with the provisions oí LSA-R.S. 13:4202, which reads:
“All final judgments of district courts, courts of appeal and the supreme court affecting the title to immovable property shall particularly describe the property thereby affected.”
The judgment of the Civil District Court, after pronouncing that the power of attorney and the interest to land transferred therein were cancelled, ordered that the recordation of the document itself and subsequent transfers made as a .result thereof be erased from the records of St. Charles Parish. While the real estate involved was not described, the court did recite in which Conveyance Books and at which folio numbers the recordations, which it ordered! erased, were to be found. In addition thereto the type of document was described.
Since the Supreme Court has declared that no real interest was transferred, the judgment rendered by the Civil District Court simply nullified a contract and ordered its cancellation from the conveyance records.
Even if we should interpret LSA-R.S. 13:4202 to mean that final judgments collaterally affecting title to real estate must describe the land with particularity, we are then of the opinion that the judgment complained of sufficiently set forth the inscription that should be cancelled. The obvious purpose of this act is to insure that the successful litigant and the official charged with the execution of the judgment will proceed with absolute certainty against the actual property involved in the litigation.
In this instance, the pleadings filed by both plaintiffs and defendants reflect that the power of attorney and the subsequent assignment of interest made by Tracy are recorded in the Conveyance Books at the folios specified in the judgment.
But if we were to assume arguendo that the description was insufficient, we are of the opinion that the failure to describe the property would not nullify the judgment. Reason dictates that the unsuccessful litigant should not re-try the entire matter because of a technical error. Rather, the court rendering the defective judgment would merely amend its original decree to correct the informality complained of.
Since we have concluded that the trial court properly dismissed plaintiffs’ action of nullity, it logically follows that plaintiffs have no cause of action because the Orleans Civil District Court judgment cancelled their “recorded title”.
*682 Further, maintaining the validity of the Orleans Civil District Court judgment renders it unnecessary for us to consider the Dufrenes’ reconventional demand in which they brought an action to establish title, •since the Tracy interest, in fact¡ no longer exjg£S
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Mrs. Marie Doretta Ooogan Tracy, divorced wife of/and James J. Tracy transferred a fractional interest to A. Miles Coe, Harry Nowalsky and John D. Lambert. A. Miles Coe died while this appeal was pending and his heirs have been substituted as parties plaintiff.

. August Dufrene and John Candies Jr. died while this litigation was pending and their heirs have been substituted as parties defendant.

. Dufrene v. Tracy, 232 La. 386, 94 So.2d 297.

. Dufrene v. Tracy, 232 La. 386, 94 So.2d 297.

. Tracy v. Dufrene, 240 La. 232, 121 So.2d 843.

. Code of Practice Article 3 provides:
“A personal action is that by which a person proceeds against one who is personally bound towards him, either by a contract or by virtue of the law, in order to compel him to pay what he owes to him or to perform what he had promised.
“This action is called personal, because it is attached to the person bound, and follows him everywhere.”

.LSA-C.O. Art. 3556 provides:
“Whenever the terms of law, employed in this Code, have not been particularly defined therein, they shall be understood as follows:
“18 Litigious Rights.- — -Litigious rights are those which can not be exercised without undergoing a lawsuit.”

. La.App., 107 So.2d 334. 240 La. 1079, 127 So.2d 155. See also McKee v. Eskrigge, La.App., 139 So.2d 545.