LEMMON, J.
(dissenting from Denial of Application for Rehearing).
A judgment absolutely void because of jurisdictional defects is not subject to the venue and delay requirements of an action for nullity prescribed by C.C.P. art. 2006 and thus may be attacked collaterally in any court at any time. Tannehill v. Tannehill, 226 So.2d 185 (La.App. 3rd Cir. 1969); Tracy v. Dufrene, 240 La. 232, 121 So. 2d 843 (1960); Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901). See, C.C.P. art. 2006, Official Revision Comment.[1] This rule applies even when the grounds asserted for nullity of the judgment (or of the order of executory process in the present case) are not obvious on the face of the pleadings and must be shown by extrinsic evidence. Restatement, Judgments §§ 11, 12 (1942).
The contrary view is apparently based on the presumption of regularity accorded to judgments. Nevertheless, if I were sued in Caddo Parish and a money judgment was rendered based on a fraudulent return of the service of process, and if my property in St. Charles Parish were then seized in execution on the judgment, should I be compelled to go to Caddo Parish to present extrinsic evidence to nullify the judgment in a court which never obtained jurisdiction over me in the first place? I find no justification for such a rule.
I admit justification, however, for a rule requiring the nullity action to be tried in Caddo Parish if I were legally served in the suit filed in Caddo Parish and, if I failed to appear, a money judgment were then obtained by fraud there. Under those circumstances (similar to the circumstances of the Licoho case), the judgment is not absolutely void for jurisdictional defects and must be attacked directly within the prescribed time limit.

. The Official Revision Comment to C.C.P. art. 2004, cited in Licoho Enterprises, Inc. v. Champagne, La., 283 So.2d 217 (1973), restates the jurisprudence to the effect that nullity of a jurisdictionally valid judgment obtained by fraud or ill practice must be asserted in a direct action and not by collateral attack.