BELSOME, J.,
concurs in the result with reasons.
hi concur in the result of the majority’s opinion but write separately to discuss the trial court’s ruling as it relates to the specific claims made by American Banker’s Insurance Company (ABIC) in its action for nullity. In this appeal, the State received bond forfeiture judgments against numerous defendants and their Surety, in criminal district court. In Civil District Court, the State filed a petition to make the judgments executory and for garnishment. In response, ABIC filed a separate petition for nullity, asserting that the garnishment proceedings were an absolute nullity, for lack of proper service, and the bond forfeiture judgments were a relative nullity due to fraud or ill practices. The garnishment petition was later consolidated with the petition for nullity and the trial court granted the State’s exception to the nullity action for lack of subject matter jurisdiction. It is from this ruling that ABIC appeals.
When a judgment is alleged to be an absolute nullity, it may be attacked in any court. See La. C.C.P. art. 2002; La. C.Cr.P. art. 349.5(A)(2); Tracy v. Dufrene, 240 La. 232, 121 So.2d 843 (1960); Maryland Nat. Ins. Co. v. Garrison, 233 So.2d 32 (La.App. 4 Cir.1970); and Dawson v. Gosserand, 552 So.2d 1380 (La.App. 5 Cir.1989). In this case, the record reflects that ABIC’s nullity petition challenges the garnishment proceedings for lack of proper service. The law provides that the failure to provide notice has no effect on the validity of the seizure. I agree with the majority that ABIC cannot seek to nullify *862 the State’s garnishment proceedings as there is no final judgment. Also, only Criminal District Court has jurisdiction over the relative nullity challenges to the bond forfeiture judgments for fraud or ill practices. For these reasons, I concur in the result.