## JAMES H. BARBIN *v.* POLICE JURY.

A public road established by the Police Jury is subject to the use not only of the citizens of the parish in which it is established, but of the whole State, and even of strangers or foreigners within the State.

APPEAL from the District Court of the Parish of Avoyelles, *Cullom,* J.
*F. P. Hitchborn,* for plaintiff. *Cannon & Irion,* for defendant and appellant.

LAND, J. The plaintiff appealed to the District Court of the Parish of Avoyelles, from the award of the Board of Commissioners appointed by the Police Jury of that parish, to lay out a public highway, in part, over the land of plaintiff, and to assess the damages due him for the expropriation of the same. And from the judgment on the appeal to the District Court, both the plaintiff and the defendants have appealed to this court.

The plaintiff commenced his appeal from the award of the commissioners, by filing his petition in the District Court, and cumulated with it, a demand for damages which had been the subject of a previous litigation between him and and the defendant, and which was decided by us at the last term of this court, but did not become final in consequence of an application for a re-hearing, until the present term.

This claim for damages related to a public road which the Police Jury had established in part, over the lands of plaintiff, from his landing on Red River to a certain point or place near the town of Marksville, and was decided against him both in the District Court and in this court, and now forms, as substantially set up in the answer of the defendant, a legal bar to this branch of his case.

If this judgment operates a hardship upon the plaintiff, as his counsel earnestly contends that it does, the hardship is the result of the plaintiff's, contract with

the Police Jury, which he voluntarily proposed, and urged upon their acceptance. When the Police Jury established the private road constructed by the plaintiff from his landing on Red River to the high land, as *a public road*, they did so without any limitation or restraint on their own powers, or on the rights of the entire public to its use in all the various ways of a public road : and the position of the plaintiff that the entire public had no right to use the road after the Police Jury had established it as a public road, is wholly untenable. When the action of the Police Jury made the road a public highway, it became subject to the use, not only of all the citizens of the Parish of Avoyelles, but of the whole State, and even of strangers or foreigners within the State : and the fact of such use, does not entitle the plaintiff to any conpensation, beyond the terms of his contract with the Police Jury, as we have already held.

The damages awarded by the road commissioners to the plaintiff, were for land expropriated for a *new, and a different public road*, from the one established by the Police Jury, from his landing on Red River to the point near the town of Marksville, and these damages alone constituted the subject matter of appeal to to the District Court, and should not have been cumulated with any other claim, or alleged cause of action, as was done in this case.

The evidence shows that the damages assessed by the commissioners are a reasonable compensation to the plaintiff for his land taken for the public use in the form of the new road, and that he has no just cause of complaint in that respect.

The judgment is in favor of the plaintiff for fifteen hundred dollars, and must be reduced to the amount of damages assessed by the commissioners.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court on the appeal be reversed, at the costs of the plaintiff in both courts ; and and it is now ordered and decreed, that the award of the road commissioners giving to the plaintiff the sum of three hundred dollars, as damages for his land expropriated for the public use, be affirmed, and made the judgment of the court, in this case.