BOLIN, Judge.
By this petitory action plaintiffs seek to be recognized as owners of an undivided two-thirds interest in certain described property located in DeSoto Parish. Named defendants are the present possessors and all other firms or persons purporting to have any interest in the land or minerals. All defendants’ titles emanate from a sale by plaintiffs’ father, Daniel Scott Hammond, acting under allegedly null letters of tutorship issued by the Caddo Parish District Court.
Defendants filed exceptions of lack of jurisdiction ratione materiae and of no cause of action, contending any nullities of the tutorship proceeding were relative and not absolute. From judgment sustaining both exceptions plaintiffs appeal.
Undisputed is the fact that plaintiffs originally owned the interest in the property described in the petition. The question relates to the manner in which they were divested of such title by their father during-their minority.
The record of the tutorship proceeding in Caddo Parish appointing plaintiffs’ father *573 as tutor was filed in the case now before the court and sets forth facts which plaintiffs allege reflect the Caddo District Court lacked jurisdiction.
We surmise from briefs that the basis for the lower court’s decision, and indeed the basis of appellees’ defense, is that the attack by plaintiffs in the petitory action is merely a collateral attack against a tutorship proceeding had in Caddo Parish which is not void on its face but simply voidable by a direct action in the court of original jurisdiction.
Essentially, plaintiffs contend the confirmation in Caddo Parish of their father as their natural tutor was an absolute nullity because: At the time of the proceeding the father and mother of the minors were divorced; the mother had full care, custody and control of said minors; and the mother and the minors were then residents of and domiciled in a state other than Louisiana. It is further alleged the principal and only estate in Louisiana belonging to the minors was located in DeSoto Parish, Louisiana. Applying the provisions of LSA-C.C. art. 307 to the foregoing facts, appellants argue the District Court of Caddo Parish lacked jurisdiction to appoint a tutor for them; and as a result the judgment rendered by the court was an absolute nullity which may be collaterally attacked at any time.
As we view it our first duty is to determine whether plaintiffs’ petition alleges facts which, if proved, would render the tutorship proceeding and all sales made pursuant thereto null and void. If so, appellants have stated a cause of action. This determination must be made from the allegations appearing in plaintiffs’ petition together with the record of the tutorship proceeding which was made a part of this record. To decide their possible nullity requires examination of LSA-Civil Code Arts. 250 and 307, which provide:
Article 250:
“Upon the death of either parent, the tutorship of minor children belongs of right to the other. Upon divorce or judicial separation from bed and board of parents, the tutorship of each minor child belongs of right to the parent under whose care he or she has been placed or to whose care he or she has been entrusted.
“All those cases are called tutorship by nature.”
Article 307:
“The appointment, recognition or confirmation of tutors must be made by the judge of the parish where the minor has his domicile, if he has a domicile in the State, or if he has no domicile in the State, by the judge of the parish where the principal estate of the minor is situated, saving to the parties the right of an appeal within thirty days from the judgment decreeing the nomination or confirmation, after which delay no appeal shall be admitted.” (Emphasis supplied.)
Since it is conceded the principal estate of the minors is the property located in De-Soto Parish, the sole basis upon which the Caddo Parish District Court could have validly made an appointment was upon the basis of the domicile of the minors.
It was alleged in the tutorship application the parents were separated by divorce and the mother was believed to reside out of the State. In the present proceeding the petition alleges the mother was awarded custody of the minors and they were domiciled outside the State of Louisiana. If this be accepted as true, as it must for trial of the exceptions, we believe the plaintiffs have cast serious doubt on the validity of the tutorship proceeding. Although plaintiffs must prove the nullity ab initio of that proceeding in order to succeed, we think the plea to the jurisdiction and the exception of no cause of action should have been overruled.
Defendants cite and rely on the case of Gandy et al. v. Caldwell, 169 La. 870, 126 *574 So. 221 (1930) which enunciates clearly the unquestioned rule that the appointment of a tutor cannot be attacked collaterally where such appointment was made by a court of competent jurisdiction; nor may a sale made of minor’s property under the order of a competent court be attacked collaterally. However, as pointed out in appellants’ brief, plaintiffs have here alleged the tutorship proceeding was not before a court of competent jurisdiction.
 It is too well settled to require citation of authority that if a judgment be an absolute nullity, this nullity may be invoked by any one against whom it is interposed, at any time and anywhere. It is also well recognized that a purchaser at a judicial sale is bound to look beyond the proceeding authorizing the sale in order to ascertain whether the court granting the order of sale was a court of competent jurisdiction. However, the truth of the record concerning matters within its jurisdiction cannot be disputed collaterally. Key v. Salley, 218 La. 922, 51 So.2d 390 (1951) and cases cited therein.
From the above rules and the provisions of LSA-C.C. Arts. 250 and 307, we conclude plaintiffs have sufficiently alleged the tutorship proceeding is an absolute nullity. Whether they will be able to prove such allegations on the merits is of no concern at this time. As stated in the early case of Callahan v. Fluker, 47 La.Ann. 427, 16 So. 943, 944 (1895):
“We are of the opinion that the court erred in sustaining the plea to the jurisdiction, and dismissing plaintiffs’ suit. Though no reasons are assigned for the court’s action, we think it was based upon the theory that plaintiffs’ suit was a collateral attack upon judicial proceedings, and that it fell under the provisions of article 608 of the Code of Practice, which requires an action of nullity of judgment to be instituted before the court which rendered the same; that, therefore, it should have been brought before the district court for East Feliciana. The court was in error as to plaintiffs’ demand. It is not an action of nullity, but a direct petitory action, or one of that nature, and, as such, could be brought in the parish of Orleans, the residence of the defendant. It is true that certain judicial proceedings are referred to in plaintiffs’ petition, but they are only incidentally alluded to, and as nullities, and this simple reference does not determine the character of the action or the jurisdiction. Reynolds v. Stille, 15 La.Ann. 544; Dauterive v. [Opera House] Association, 46 La.Ann. 1322, 16 South. 170. The case falls under the principles announced in Belard v. Gebelin, 46 La.Ann. [326] 330, 14 South. 843; Ford’s Heirs v. Mills, 46 La.Ann. 331,14 South. 845; Mays v. Witkowski, 46 La.Ann. 1475, 16 South. 478.
“Plaintiffs’ theory in this case, as in Belard v. Gebelin, is that all the judicial proceedings mentioned are absolute nullities, needing no judicial action to set them aside. We say here, as we did there: ‘If plaintiffs think proper to go into the case on that basis, on the strength of the correctness of their legal conclusions on that subject, they have, at their own risk, the right to do so. Should it turn out on inquiry that the proceedings alluded to were not void, as claimed, but simply voidable, and the case should be before the court without proper pleadings and the proper prayer, they may take nothing by their action. Defendant cannot in li-mine and on an exception introduce evidence, and have the court pass upon the character of the proceedings, which plaintiffs assume and characterize as absolute nullities. That will be one of the issues on the merits.’ ”
Accordingly, the judgment sustaining the exceptions is annulled and set aside and the case is remanded to the Eleventh Judicial District Court for DeSoto Parish for further proceedings consistent with law and the *575 opinions expressed herein. Costs of this appeal are assessed against defendants-ap-pellees. All other costs to await the final determination of the case.
Reversed and remanded.