191 So.2d 724 (1966)
BOARD OF COMMISSIONERS FOR the FIFTH LOUISIANA LEVEE DISTRICT, Plaintiff-Relator,
v.
HOLLYBROOK LAND COMPANY, Inc., Defendants-Respondents.
No. 10695.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1966.
Rehearing Denied November 29, 1966.
Writ Refused January 20, 1967.
McHenry, Snellings, Breard & Sartor, Monroe, for plaintiff-relator.
Vinson, Elkins, Weems & Searls, Houston, Tex., for David C. Bintliff, defendant-respondent.
*725 Voelker, Ragland & Fox, Lake Providence, for Hollybrook Land Company, Inc., defendant-respondent.
Before HARDY, GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
With this petitory action instituted in the Sixth Judicial District Court for the Parish of East Carroll, wherein plaintiff asserts title to realty located in that parish, there was cumulated an action of nullity of a judgment of July 26, 1918, of the Ninth, now the Sixth, Judicial District Court of Madison Parish, obtained in an action between the same parties or their predecessors in title which recognized and decreed defendants herein the owners of the property, the title to which constitutes the subject matter of this action.
A writ of certiorari was issued so that inquiry might be made into the propriety of the action of the court below wherein a plea of improper venue of the Sixth Judicial District Court of East Carroll Parish was sustained as to the action of nullity, thereby causing severance of plaintiff's demands, the court retaining jurisdiction of the petitory action proper, while ordering a new action of nullity to be instituted in Madison Parish.
In resolving the matter now before us, there are certain well-established legal principles, conceded by all parties litigant, which should be borne in mind. First, a petitory action shall be instituted in the parish where the immovable property is situated. LSA-C.C.P. Art. 80. Thus, the venue of the principal demand asserted in this cause is in the court of East Carroll Parish. Second, two or more actions may be cumulated though based on different grounds where each is within the jurisdiction of the court and the court is one of proper venue, if such demands are mutually consistent and employ the same form of procedure. LSA-C.C.P. Art. 462. Therefore, if the court be one of proper venue, there is no valid objection to the cumulation of a petitory action with an action of nullity of a judgment, the outcome of which is essential and prerequisite to a recovery under the petitory action. Third, while a direct action to annul a judgment must be brought in the court which rendered it (LSA-C.C.P. Art. 2006), this rule applies only to judgments voidable or relatively null. The rule, as we recently had occasion to point out, is that, if a judgment is an absolute nullity, such nullity may be invoked by anyone against whom it is interposed and whenever and wherever it is asserted. Hammond v. Gibbs (La. App.) 151 So.2d 571 (2d Cir. 1963); Id. (La.App.) 176 So.2d 465 (2d Cir. 1965writs denied).
See, also, Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901); Buillard v. Davis, 185 La. 255, 169 So. 78 (1936); Key v. Salley, 218 La. 922, 51 So.2d 390 (1951); Tracy v. Dufrene, 240 La. 232, 121 So.2d 843 (1960); Mack Trucks, Inc. v. Dixon (La. App.) 142 So.2d 605 (4th Cir. 1962).
Appropriate to the situation existing in the instant case is the observation made in Decuir v. Decuir, supra, which had for its object the partition of property represented as still held in undivided ownership. There it was stated:
"Holding that, under article 608 of the Code of Practice, an action of nullity can only be brought before the court, or its successor, which rendered the judgment, and that no discretion was left to him, since the record disclosed, patent on its face, a jurisdiction other than his, he dismissed the suit for want of jurisdiction, reserving to plaintiffs all legal rights in the proper forum. The error of this ruling lies in the failure of the judge to distinguish between judgments that may be voidable and those absolutely void. As to the former, suits of nullity must be brought before the court which rendered the judgments. As to the latter, if a judgment is absolutely null for defects patent on the face *726 of the proceeding, the party opposing its effect as to him need not resort to a direct action in the court which rendered it to secure the declaration of its nullity. Bledsoe v. Erwin, 33 La.Ann. [615] 618. In that case the court used this language: `If the charge of nullity of judgment had been coupled with a main and controlling demand, the question of validity of judgment could be inquired into and determined by any court having jurisdiction of that demand, which was the true or real object of the suit.' And it was there held that, in an action to recover land from one who claims to have acquired it under a judgment absolutely null, it is not necessary that the plaintiff should even allude to such judgment. See, also, Clark v. Hebert, 15 La.Ann. 279. If a judgment be an absolute nullity, this nullity may be invoked by any one against whom it is interposed, at any time and anywhere. This proposition is supported by a long line of decisions. * * *. If the parish court of St. Martin parish, which rendered the judgment and ordered the sale upon which defendants herein rely, was without jurisdiction ratione materiae to entertain the suit, the judgment and the sale predicated upon it are absolute nullities,the judgment never existed as a judgment; and this could be taken advantage of by plaintiffs in the present suit in the district court of Iberia parish. They are not driven, as the court ruled, to a direct action to annul in the court of St. Martin parish." (Emphasis supplied.)
Plaintiff assails the 1918 judgment as absolutely null, void, and of no effect for the reasons that (1) the Ninth, now the Sixth, Judicial District Court for Madison Parish was without jurisdiction of the subject matter for the reason that the property involved was not situated in that parish; (2) the court was particularly without jurisdiction to enter a decree annulling a deed from the State of Louisiana conveying the property to the Board of Commissioners for the Fifth Louisiana Levee District or to declare the nullity of a judgment of the Supreme Court directing that the conveyance be made to the levee board (State ex rel. Board of Com'rs for Fifth Louisiana Levee Dist. v. Capdevielle, 128 La. 283, 54 So. 820 [1911]), especially in view of the fact that jurisdiction of such action was vested in the district court for the Parish of East Baton Rouge, in which the judgment was originally rendered; (3) the judgment, if allowed to stand, would constitute an unauthorized and unlawful deprivation and confiscation of public property, title to which is vested in the levee board as a public body; (4) the judgment was rendered in contravention of prohibitory law, public policy, and good morals, and constituted constructive fraud under irregular and illegal procedures, in that it was rendered without trial or the taking of evidence, without sanction or authority in law, and under pleadings unauthorized and ultra vires of the board; and (5) the judgment was rendered and signed in vacation, not in open court, and never recorded in the records of either Madison or East Carroll Parish.
The merits of these attacks upon the judgment assailed are not now before us. It is conceivable, however, that at least some of these contentions, if true, would establish the absolute nullity of the judgment. Others pertain to the relative nullity of the judgment.
The conclusion is inescapable that it was error to sustain the plea to the venue of the court insofar as it relates to the absolute nullity of the judgment under attack. The writ of certiorari is therefore perpetuated and made final. The plea of improper venue of the court in the action of nullity, so far as such action relates to the absolute nullity of the judgment attacked, is overruled, and the action of the trial court in severing such demands from the petitory action and ordering the institution of a new action of nullity in the Sixth Judicial District Court in and for *727 Madison Parish is annulled, avoided, and set aside, and the cause is now remanded to the Honorable Sixth Judicial District Court in and for East Carroll Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law.
The respondents are assessed with the costs accruing in this court, all other costs to await final determination of the cause.