345 So.2d 998 (1977)
Succession of Harmon A. BARRON et ux., Plaintiffs-Appellants,
v.
Luella ODEN, Defendant-Appellee.
No. 13232.
Court of Appeal of Louisiana, Second Circuit.
April 25, 1977.
Rehearing Denied May 23, 1977.[*]
Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for appellants Mattie L. Barron, Cloma O. Barron.
Campbell, Campbell & Johnson, John T. Campbell, for appellee, Luella Oden.
Before BOLIN, HALL and JONES, JJ.
*999 JONES, Judge.
In this proceeding, consolidated on appeal with Succession of Barron, 345 So.2d 995 (La.App., 2d Cir. 1977) (# 13,207), Mattie L. Barron and Cloma Barron appeal from a Webster Parish district court judgment which declared a default judgment earlier rendered against Luella Oden in Bienville Parish to be null and void, and permanently enjoined the Barrons from executing upon it or otherwise enforcing it.
On April 8, 1975, Mattie L. Barron and Cloma Barron filed suit in Webster Parish to make executory a default judgment they obtained against Luella Oden in Bienville Parish on February 28, 1975. An ex parte order was signed recognizing the Bienville Parish judgment and making it executory. Pursuant to this a writ of fi. fa. was issued and a petition to examine Luella Oden as a judgment debtor was filed.
Luella Oden filed a petition, directly attacking the validity of the February, 1975, default judgment on the grounds she never received a citation in that proceeding, and asked for injunctive relief to restrain the Barrons from enforcing the judgment. A temporary restraining order was issued to which the Barrons filed a motion to dissolve, along with exceptions of improper venue, improper cumulation of actions, and unauthorized use of summary proceedings. After a hearing, the exceptions were overruled and a preliminary injunction was issued.
After trial on the merits, judgment was rendered granting a permanent injunction and decreeing the Bienville default judgment to be null and void for lack of citation as required by LSA-C.C.P. art. 1201. We affirm.
The Barrons urge that even if the Bienville Parish default judgment is a nullity, as held in the consolidated case, Succession of Barron, 345 So.2d 995 (La.App., 2d Cir. 1977) (# 13,207), Webster Parish is not the proper venue in which to attack it, under LSA-C.C.P. Art. 2006.[1] This article applies only to judgments that are relatively null, not to those which are absolutely null and are subject to collateral attack. Board of Commissioners v. Hollybrook Land Company, 191 So.2d 724 (La.App., 2d Cir. 1966). If a judgment is an absolute nullity, such nullity may be invoked by anyone against whom it interposed and whenever and wherever it is asserted. Board of Commissioners v. Hollybrook Land Company, supra; Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901).
As discussed in the consolidated case, proceedings begun without citation are absolute nullities under the express provisions of C.C.P. Art. 1201.
For the foregoing reasons, the judgment of the trial court annulling the February, 1975, Bienville Parish default judgment against Luella Oden, and permanently enjoining its enforcement is affirmed, appellants to pay all costs of this appeal.
Affirmed.
NOTES
[*] Marvin, J., recused.
[1] "Art. 2006. Court where action brought

"An action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court."