345 So.2d 995 (1977)
Succession of Harmon A. BARRON et ux.
No. 13207.
Court of Appeal of Louisiana, Second Circuit.
April 25, 1977.
Rehearing Denied May 23, 1977.[*]
*996 Campbell, Campbell & Johnson by John T. Campbell, Minden, for appellant, Miss Luella Oden.
Cook, Clark, Egan, Yancey & King by Herschel E. Richard, Jr., Charles G. Tutt, Shreveport, for appellant, third party plaintiff Aetna Cas. & Sur. Co.
Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for appellees, Misses Mattie L. Barron and Cloma Barron.
Before BOLIN, HALL, and JONES, JJ.
JONES, Judge.
In this proceeding, consolidated on appeal with Succession of Barron, 345 So.2d 998 (La.App., 2d Cir. 1977) Luella Oden and Aetna Casualty and Surety Company appeal from a trial court judgment holding Aetna liable on its surety bond provided for Luella Oden.
Luella Oden was appointed administratrix of the Successions of Harmon A. Barron and Emma O. Barron on September 22, 1970. The administration of these successions was nearing completion and the proposed tableau of distribution and the final accounting had been homologated on August 13, 1974.
On November 12, 1974, Miss Mattie L. Barron and Miss Cloma Barron filed a pleading in the succession proceedings in Bienville Parish, asking that the judgment homologating the tableau of distribution be nullified, and judgment be rendered against Luella Oden, individually and as administratrix, and Aetna Casualty and Surety Company, as her surety, in favor of Mattie Barron for $1,367.82 and Cloma Barron for $865.40, along with attorneys' fees of $5,000. In this pleading they prayed for a rule to show cause why the relief sought should not be granted. An order was signed setting a hearing for November 15. This rule was never served on Luella Oden. Aetna filed an exception of no right or cause of action on November 27.
On December 4, 1974, the Barrons obtained a new order setting the matter for a hearing on December 13, 1974. Examination of the sheriff's return on this rule shows it was not served on Luella Oden until December 14, the day after the hearing date. Luella Oden never received a citation, either with the belated service of the rule, or at any other time. The only hearing held on December 13 dealt solely with Aetna's exception, and on which judgment was deferred until memorandums were submitted.
While Aetna filed the exception of no right or cause of action prior to the hearing date, Luella Oden filed no responsive pleadings either before or after December 13. The Barrons took a preliminary default against Luella Oden on February 11, 1975, and took a default judgment against her on February 28.
On October 1, 1975, the Barrons amended their petition with reference to their claim against Aetna, to state they had obtained judgment against Luella Oden on February 28, 1975, that this judgment was made executory in Webster Parish and a writ of fi. fa. was issued, but no funds were obtained to satisfy their judgment.
On November 25, 1975 a judgment was signed overruling Aetna's exception of no cause or right of action. on December 1, *997 1975, Aetna filed dilatory exceptions of unauthorized use of summary proceedings and prematurity, alleging the default judgment against Luella Oden was null because of insufficiency of service. On April 26, 1976, a judgment was signed overruling these exceptions. On April 28, Aetna filed an answer, and a third party demand against Luella Oden for indemnification in the event it was held liable to the Barrons.
On June 30, 1976, Luella Oden filed an answer to the original petition and to the third party demand, generally denying liability. Aetna then amended its answer to the rule to specifically plead the nullity of the February, 1975, default judgment because of a lack of citation on Luella Oden.
At trial, the lower court refused to consider the alleged invalidity of the February, 1975, default judgment against Luella Oden, and refused to allow any evidence in connection with it to be presented. The reasoning for this refusal was the court's belief that if the service on Luella Oden was deficient, this created only a relative nullity, and was not subject to collateral attack. The trial court rendered judgment in favor of the Barrons and against Aetna, reserving both the Barrons' and Aetna's rights, if any, against Luella Oden. Aetna and Luella Oden appeal.
We find the lower court erred in refusing to consider the invalidity of the February, 1975 default judgment against Luella Oden. She has never received a citation in connection with this proceeding. It is fundamental to our system that an ordinary proceeding begun without proper citation is a nullity. LSA-C.C.P. art. 1201 provides:
"Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null. "The defendant may expressly waive citation and service thereof by any written waiver made part of the record." (emphasis added)
See also LSA-C.C.P. art. 2002(2). Since C.C.P. art. 1201 states such a proceeding is an absolute nullity, it may be attacked by anyone against whom it is interposed and whenever and wherever it is asserted. Board of Commissioners v. Hollybrook Land Company, 191 So.2d 724 (La.App., 2d Cir. 1966); Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901).
The Barrons also argue that service of the rule satisfied the requirement of citation. This argument is without merit. The rule served was not in the form required for citation, C.C.P. Art. 1202, for the reason it did not contain ". . . [a] statement that the person cited must either comply with the demand contained in the petition or make an appearance, either by filing a pleading or otherwise, in the court issuing the citation within the delay provided in Art. 1001 under penalty of default."[1] Since there was no valid citation, the default judgment taken against Luella Oden was an absolute nullity.
The Barrons alternatively assert this is a summary proceeding which does not require citation. C.C.P. Art. 1201, supra.
While it is true a summary proceeding does not require citation, if this is a summary proceeding the Barrons could not have validly taken a default judgment against Luella Oden. The articles relating to default judgments are inapplicable to summary proceedings. They apply only to ordinary proceedings where an answer is required but has not been filed, C.C.P. Arts. 1701, 1702, 1843, and an answer is not required in summary proceedings, C.C.P. Art. 2593. If this is a summary proceeding, the taking of a judgment by default was improper and without effect.
Since the trial court judgment against Aetna on Oden's surety bond must necessarily have been based on the validity of the default judgment, the judgment against Aetna Casualty and Surety Company must be reversed. Once the nullity of the judgment is recognized Aetna's exceptions of no cause of action should have been *998 sustained based upon the provisions of C.C. Art. 3066.[2]
For the foregoing reasons we reverse the judgment of the trial court and recognize the February 28, 1975, default judgment against Luella Oden, administratrix, to be an absolute nullity and of no force and effect. We sustain Aetna Casualty and Surety Company's exception of no cause of action and dismiss the demands of plaintiffs against Aetna Casualty and Surety Company. All further proceedings below with regard to the administratrix shall be consistent with this opinion. Appellees are to pay all costs, below and on appeal.
Reversed, rendered in part, and remanded.
NOTES
[*] Marvin, J., recused.
[1] LSA-C.C.P. Art. 1202(5).
[2] "Art. 3066. Benefit of discussion not available; proceedings against surety

"A judicial surety can not demand the discussion of the property of the principal debtor.
"But no suit shall be instituted against any surety on any appeal bond, nor on the bond of any administrator, tutor, curator, executor, or syndic, until the necessary steps have been taken to enforce payment against the principal.
"The mode of proceeding against sureties on official bonds, is prescribed by special laws."