PONDER, Judge.
Plaintiff appealed the dismissal of her suit on exceptions of lack of personal and subject matter jurisdiction and insufficiency of service of process. The issues are: (1) whether the East Baton Rouge Parish Family Court has subject matter jurisdiction over a suit seeking recognition of a foreign judgment accruing back-due child support payments; and (2) whether the Long-Arm Statute, LSA-R.S. 13:3201, et seq., may be used to obtain personal jurisdiction over a non-resident defendant in such suit.
We reverse and remand.
Plaintiff and defendant were separated by judgment of a Louisiana court. Thereafter, plaintiff remained in this state with the minor children of the marriage while defendant changed his domicile to Alabama. In that state defendant later obtained a final judgment of divorce, which also awarded custody of the children and *204 $900.00 per month alimony and child support to plaintiff. Years later, plaintiff sued in Louisiana to have the Alabama judgment recognized and made executory. One month later, the same Alabama court rendered judgment terminating $350.00 of the original in globo award and continuing $550.00 per month as child support, as well as setting arrearages in child support payments at $2,725.00. Thereafter, plaintiff filed this suit requesting that: (1) the latest Alabama judgment be recognized and made executory, (2) the child support award be increased, (3) custody of the minor children be made joint, and (4) defendant be required to maintain life and health insurance. Plaintiff expressly relied on the Long-Arm Statute for service of process on defendant, who continues to reside in Alabama.
Defendant filed an exception of lack of personal jurisdiction; subsequently he filed supplemental and amending pleadings excepting to lack of subject-matter jurisdiction and insufficiency of service of process. The trial court rendered judgment sustaining defendant’s exceptions and dismissed plaintiffs suit. The court did not favor us with reasons for judgment, despite plaintiff’s timely request for written reasons under LSA-C.C.P. art. 1917.
SUBJECT MATTER JURISDICTION[1]
Defendant contends that plaintiff’s suit must be brought in civil district court, rather than in the Family Court. He relies upon LSA-R.S. 13:1401, arguing that the statute delineating the court’s jurisdiction does not include suits for the recognition of foreign judgments.
Section 1401 provides that the court’s jurisdiction is exclusive in all matters involving or incidental to the support of children.[2] Suit for recognition and enforcement of a foreign judgment setting arrearages of child support payments must be brought in the Family Court. See De-Haven, 412 So.2d 537 (La.1982) and Childers v. Childers, 373 So.2d 1388 (La.App. 1st Cir.1979).
Therefore, the trial court erred in sustaining defendant’s exception of lack of subject-matter jurisdiction.
PERSONAL JURISDICTION
Defendant argues that plaintiff’s suit for recognition of a foreign judgment is not a cause of action covered under the Long-Arm Statute, R.S. 13:3201. We disagree. When the foreign judgment cancels an in globo award of alimony and child support, sets the amount of future child support payments and determines arrear-ages of past due child support payments, a suit for its recognition and enforcement *205 may be brought under subsections (f) and (g) of the Long-Arm Statute.[3]
Our jurisprudence provides that § 3201 must be liberally interpreted in favor of finding jurisdiction. Thompson v. Great Midwest Fur Co., 395 SO.2d 840 (La.App. 1st Cir.1981). Louisiana’s Long-Arm Statute was adopted to permit the courts of this state to tap the full potential of in personam jurisdiction over non-residents consistent with the Due Process clause of the Fourteenth Amendment. Clay v. Clay, 389 So.2d 31 (La.1979). There are sufficient contacts to meet the due process requirement of “fundamental fair play”. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
For these reasons, the trial court erred in sustaining defendant’s exception of lack of personal jurisdiction.
SUFFICIENCY OF SERVICE OF PROCESS
In a suit brought under the Long-Arm Statute, service of process may be made by sending a certified copy of the citation and petition to the defendant by registered or certified mail. LSA-R.S. 13:3204.[4]
The record reveals that service was made by plaintiff on defendant in accordance with the terms of § 3204. Thus, the trial court erred in sustaining defendant’s exception of insufficiency of service of process.
We do not consider defendant’s attack upon the prior judgment of the Family Court (rendered and signed October 19, 1982) recognizing and adopting the first Alabama judgment, since collateral attack upon the validity of a final judgment is not permitted. The law is clear that a judgment may be attacked in an ordinary proceeding only. LSA-C.C.P. arts. 2001-2006; Meunier v. Meunier, 437 So.2d 370 (La.App. 4th Cir.1983); Thibodeaux v. Duos, 343 SO.2d 441 (La.App. 3rd Cir.1977).
For the foregoing reasons, the judgment dismissing plaintiff’s suit is reversed. The case is remanded for further proceedings not inconsistent with this decision. All costs are to be paid by defendant-appellee.
REVERSED AND REMANDED.

. LSA-C.C.P. art. 1152 prohibits amendment of a declinatory exception “so as to plead an objection not attempted to be set forth in the original exception.” Thus, the trial court erred in allowing defendant to amend his declinatory pleadings to assert insufficiency of service of process. However, the exception of lack of subject matter jurisdiction is not subject to the waiver provisions generally affecting declinatory exceptions and may be raised at any stage of the proceedings. Piper v. Olinde Hardware & Supply Company, Inc., 288 So.2d 626 (La.1974). Thus, we find that amendment of defendant's declinatory exception to plead this issue was not improper.

. LSA-R.S. 13:1401 provides in pertinent part:
There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
* * * tff * *
(7) All actions for divorce, separation from bed and board, annulment of marriages, establishment or disavowal of the paternity as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees to the wife in judgments of divorce and separation, the cumulation of and rendering executory of alimony, the issuance of writs of fieri facias and garnishment under judgments of the court for alimony and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall retain jurisdiction of all proceedings involving liquidation and partition of the community after a judgment of divorce or separation from bed and board.

. LSA-R.S. 13:3201 provides in pertinent part: Personal jurisdiction over nonresidents A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s:
******
" (f) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of - support is owed and with whom the nonresident formerly resided in this state.
(g) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.”

. LSA-R.S. 13:3204:
A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction. Service of process so made has the same legal force and validity as personal service on the defendant in this state.