KLIEBERT, Judge.
This is a devolutive appeal by Henry B. Allen, Jr., defendant-husband, from a judgment dated October 22, 1984, in favor of Jane Hagstette, the plaintiff-wife, for three years of past due alimony, totaling $10,-800.00, arising out of a January 31, 1974 alimony judgment rendered contemporaneously with a judgment of separation from bed and board. We affirm.
Both litigants were domiciled in Jefferson Parish when the wife filed a suit for separation in September 1974. The husband was personally served with the separation suit, injunction and rule for child support and alimony pendente lite. The original alimony rule was continued several times, dismissed on December 6, 1974, and then refiled with service made on the husband’s then attorney of record who withdrew prior to the hearing date set on the rule. The rule was reset for January 21, 1975 with a domiciliary service of the hearing being made at the home of defendant’s parents. Following the hearing, a judgment, noting that the husband was absent and unrepresented, awarding $1,000.00 per month as alimony pendente lite, was rendered on January 31st, 1975. Thereafter, on a rule to make executory past due alimony a curator ad hoc was appointed and filed an exception to the jurisdiction and an answer contending the defendant was no longer a resident of Louisiana. The record reflects, however, that a judgment for past due alimony was rendered on May 27,1975. This judgment, however, is not the one we are concerned with on this appeal.
On July 15, 1975 the trial judge granted a preliminary default on the petition for separation filed September 18, 1974 based on the personal service of October 4, 1974. On September 4, 1974 the trial court confirmed the preliminary default and in addition rendered the following judgment:
*1136 “FINALLY, IT IS ORDERED, ADJUDGED AND DECREED that the judgment granted by this court on January 31, 1975, awarding petitioner the sum of $1,000.00 per month as alimony pendente lite for the support of herself and her minor children, be affirmed.
Judgment read, rendered and signed, in open court this 4 day of September 1975.”
On August 15, 1984, plaintiff filed a rule for past due alimony which was personally served on the defendant. In response, defendant filed an answer and a motion to annul the alimony award made in the judgment of September 4, 1975 on the grounds the court lacked jurisdiction over the defendant at the time of its rendition because of lack of service. Following a hearing, the trial judge reached the following conclusion:
“I’m satisfied from the record here that Mr. Allen was aware of the proceedings, he was aware of the various rules that were pending and the judgment rendered against him for alimony and child support were properly made.”
Accordingly, the trial court judgment for the past due alimony was rendered on October 22, 1984.
On this appeal, the defendant contends the trial court erred in failing to find the default judgment of September 4, 1974 above quoted was null and void because (1) the domiciliary service of the alimony rule at the home of his parents was insufficient to give the court personal jurisdiction over the defendant, and/or (2) the filing of an answer and declinatory exception precluded a court from issuing a default judgment.
We note that the appeal time from the alimony judgment of September 4,1974 had run. Generally the validity of a final judgment may only be attacked via a petition for annulment on the grounds provided under LSA-C.C.P. Articles 2001-2006. However, a judgment rendered against a defendant who has not been served with process and has not entered a general appearance, all of which if evident on the face of the record, is an absolute nullity and can be raised collaterally at any time. Board of Commissioners v. Hollybrook Land Co., 191 So.2d 724 (2nd Cir.1966); Thompson v. Courville, 372 So.2d 579 (3rd Cir. 1979); Succession of Barron, 345 So.2d 995 (2nd Cir.1977).
Here there was in fact a domiciliary service which the defendant asserts was invalid because he was not a resident of the home of his parents where the service was made. Plaintiff on the other hand contends the defendant had alleged his parents’ home to be his domicile in several juvenile court proceedings. Hence, the alleged nullity is not absolute on the face of the record and therefore can only be asserted by petition and citation to set aside the judgment. Until such time as a judgment of nullity is rendered the alimony judgment is final, valid and enforceable and cannot be collaterally attacked. The answer and declinatory exception which defendant alludes to as his second grounds for reversible error were directed toward a previous rule to accumulate past due alimony and hence has no application to the one before us on this appeal. Therefore, his argument has no application to the facts involved here.
All costs are to be borne by the defendant.
AFFIRMED