501 So.2d 972 (1987)
In the Matter of Valcour Marie Nectoux BOSWELL, Appellee,
v.
Cecil Allen BOSWELL, Appellant.
No. 18307-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
*973 Sockrider, Bolin & Anglin by H.F. Sockrider, Jr., Shreveport, for appellant.
Stephen A. Glassell, Shreveport, for appellee.
Before HALL, C.J., and FRED W. JONES, Jr. and NORRIS, JJ.
NORRIS, Judge.
The plaintiff, Cecil Allen Boswell, appeals the trial court's decision on a rule nisi to terminate the alimony he has been paying his former wife, Valcour Marie Nectoux Boswell. The trial court reduced Mrs. Boswell's alimony from $650 per month to $250 per month, effective March 1, 1986.
Mr. Boswell makes two assignments of error:
1. The permanent alimony should have been terminated because it was based on an agreement to support major children who are no longer dependent and living at home, and Mrs. Boswell was never adjudged to be free of fault.
2. Alternatively, the trial court should have terminated the alimony on the grounds that Mrs. Boswell can support herself, and is no longer in need of the alimony.
*974 We find no merit in his arguments and affirm the decision of the court below.
The Boswells were married in April of 1957. Four children were born of the marriage. At the time of the separation, two were minors. In September of 1982, the parties obtained a judgment of separation that awarded Mrs. Boswell $650 a month in child support. The two minor children were living with her at that time. In the judgment of divorce in June, 1983, Mrs. Boswell was granted $650 per month for alimony, pursuant to an agreement between the parties. In 1985, Cecil Boswell filed a petition in rule to have this alimony terminated. At the time of the hearing Mr. Boswell was 54 and Mrs. Boswell 42. The April 14, 1986 judgment which reduced Mrs. Boswell's alimony to $250 per month is before us on appeal.
The first assignment of error is argued as having two separate bases:
(a) Mrs. Boswell was never adjudged to be free from fault, and consequently is not entitled to receive alimony.
(b) Mr. Boswell's agreement to pay alimony was based on the understanding that he would actually be continuing to support the major children then living with Mrs. Boswell, and therefore the "alimony" should be discontinued now that the children are independent.
Neither argument has any validity. Both of these arguments are defeated for essentially the same reason, that Mr. Boswell is attempting to collaterally attack the divorce judgment awarding his former wife permanent alimony. This court has already held that when a husband consents to a judgment granting his divorced spouse permanent alimony, or does not appeal from such a judgment, he may not in a subsequent proceeding to terminate or reduce alimony raise the issue of the wife's non-entitlement to alimony by reason of her fault. Shows v. Shows, 345 So.2d 975 (La.App. 2d Cir.1977), writs refused 347 So.2d 248 (1977).
In the second part of his assignment of error Mr. Boswell is attempting to assert that the judgment is incorrect, and the alimony awarded was in fact child support. Mr. Boswell's remedy would have been to appeal the judgment, or bring an action to annul the judgment. He cannot now attack the judgment collaterally. LSA-C.C.P. arts. 2001-2006; Allen v. Allen, 477 So.2d 1135 (La.App. 5th Cir.1985). The issue of the nullity of the divorce judgment is not before the court as it was not properly raised. A final judgment may be attacked only in an ordinary proceeding brought for that purpose, and not on a rule nisi to terminate or reduce alimony. Broyles v. Hart, 454 So.2d 202 (La.App. 1st Cir.1984).
Even if his claims were considered on their merits we would not reverse the trial court's decision. The trial court's findings of fact will not be overruled in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Given the content of the agreement, the surrounding circumstances and the conflicting testimony, there was sufficient evidence for the trial court to conclude that Mr. Boswell did intend the June 1983 award to be partly alimony rather than exclusively child support.
The second assignment of error is that Mrs. Boswell is no longer in need of any alimony, and therefore it should have been terminated completely, rather than reduced to $250 per month. A consent judgment has the effect of establishing the recipient spouse's necessitous circumstances and freedom from fault. For the alimony to be terminated, Mr. Boswell has the burden of showing changed circumstances that warrant it. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). Mr. Boswell does not seriously argue that his circumstances have changed so drastically that the alimony should be terminated. He has been employed by South Central Bell for 29 years, and has been a manager in the customer *975 accounting office since before the separation. The record shows that there has been no significant change in his income since the alimony was set, and he does have the ability to pay the new alimony.[1]
His principal argument on appeal is that Mrs. Boswell's circumstances have changed to such an extent that her alimony should be terminated completely. The consent decree had the effect of establishing Mrs. Boswell's freedom from fault and her necessitous circumstances at the time that the alimony was set. Bernhardt, supra. Mrs. Boswell has had the same job since the divorce, working at the Retail Merchants' Association, and she now additionally works part-time at Haverty's Furniture. In 1983 when the alimony was set, her total monthly net, inclusive of the $650 child support she was receiving, was $1,684. At the time of the trial on the rule to terminate alimony she had a total net income, including the $650 alimony she had been receiving, of $2,227 per month. Her only increased Bernhardt allowable expenses are utilities, car expenses and slightly higher fixed obligations. There has been a total increase of approximately $315 in her Bernhardt expenses, offset by a net increase in her income of almost $550 per month and by the fact that she no longer helps support her major children. In making alimony determinations, the trial court is given great discretion, which will not be disturbed absent a clear abuse of this discretion. Gray v. Gray, 451 So.2d 579, (La.App. 2d Cir.1984), writ denied 457 So.2d 13 (La.1984). The trial court's decision to reduce the alimony to $250 per month rather than terminate it completely is reasonable in light of the financial postures of the parties. There is no reason to hold that the judge below abused his discretion by refusing to terminate it completely.
We affirm the decision of the trial court at appellant's costs.
AFFIRMED.
NOTES
[1] At trial it was brought out that his monthly net pay in 1982 was $2,821.62; while at his current salary his monthly net is $2,855.15. There was an affidavit filed at trial which gave his monthly expenses as being $1,956.45, exclusive of his alimony payments.