FORET, Judge.
Harold Mitchell, appellant herein, filed a rule to show cause why alimony payable to Alice Tynes, appellee, should not be terminated or reduced. The trial court rejected Mitchell’s demands, and he appealed. We reverse.
FACTS
Alice and Harold Mitchell were married on April 8, 1982.[1] Alice left the family domicile on or about July 18, 1983. The record reflects that Harold filed a petition for separation in Vernon Parish based on abandonment on or about July 22, 1983, while Alice filed a petition for final divorce in Natchitoches Parish on July 18, 1984, based upon a one-year separation.
A hearing on Alice’s petition for divorce was held on October 25, 1984. The note of evidence was held open for Harold to file an affidavit of income and expenses. Pursuant to reasons for judgment rendered November 5, 1984, a judgment of final divorce was signed November 12, 1984, wherein Alice was awarded a divorce and Harold was ordered to pay $200 per month as alimony. At this point it must be noted that the trial court’s November 5, 1984 reasons for judgment state that “[bjoth plaintiff and defendant admitted that the breakup of their marraige [sic] was due to mutual fault.” The reasons continue by stating that “[t]he only issue litigated was whether or not plaintiff was entitled to alimony and if so, in what amount.” The remainder of these reasons for judgment speak to the issue of Alice’s needs and Harold’s ability to pay alimony. The reasons and subsequent judgment of divorce are silent as to the issue of fault.
Subsequent to the November, 1984 judgment of divorce, no appeal was taken by either party. Therefore, this judgment is final.
*841 In January of 1985, Alice filed a rule to show cause against Harold for three months or $600.00 of past due alimony. This rule was disposed of pursuant to a letter to opposing counsel and the court from Harold’s counsel stating that, “Mr. Mitchell did not know of the judgment until very recently due to a breakdown in my office.”[2]
Upon obtaining new counsel, Harold filed a rule to terminate alimony on September 30, 1986. The bases for the rule to terminate were:
(1) That pursuant to the trial court’s reasons for judgment at the trial for divorce, the parties “agreed that and testified to the fact that there was mutual fault for the separation” and as such, Alice was not entitled and should not have been awarded alimony.
(2) In the alternative, Harold alleges that Alice is no longer in necessitous circumstances and is not in need of alimony.
The rule to terminate alimony was originally set for October of 1986, but it appears from the record that the hearing on the rule was reset for June 9, 1987, pursuant to an indication by the court that there had not been a ruling on the issue of fault.
After trial on the rule to terminate alimony and determine fault, the matter was taken under advisement by the trial court. Pursuant to written reasons for judgment rendered June 25, 1987, the trial court found in favor of Alice, denying and dismissing Harold’s rule to terminate alimony. Harold timely filed this appeal.
ASSIGNMENTS OF ERROR
Harold urges the following assignments as error:
(1) That the trial court erred in granting permanent alimony in the original judgment of divorce in 1984 because Alice had failed to prove she was free from fault.
(2) That the trial court erred in failing to terminate permanent alimony on Harold’s motion to terminate because Alice failed to prove she was free from fault.
(3)That the trial court erred in refusing to terminate or reduce permanent alimony granted to Alice, insofar as she has sufficient means for her support.
I. 1984 JUDGMENT OF DIVORCE
Harold contends that the trial court erred in awarding Alice alimony pursuant to the judgment of divorce in November of 1984. He reasons that Alice failed to prove she was free from fault and therefore is not entitled to alimony.
Insofar as Harold appears to contend that the 1984 judgment is incorrect, this issue is not properly before the court and may not be considered. Harold’s remedy as to an incorrect judgment would have been to appeal the judgment. He cannot now collaterally attack the judgment of 1984, which is now final and definitive.
The true issue before the court is whether Alice’s fault was put at issue prior to Harold’s filing of his motion to terminate alimony. If alimony is granted as a result of a proceeding where fault has been put at issue, and a party consents to or does not appeal from such judgment, the obligor spouse may not, in a subsequent proceeding, seek to raise the issue of the obligee spouse’s non-entitlement to alimony by reason of fault. See, Shows v. Shows, 345 So.2d 975 (La.App. 2 Cir.1977), writ refused 347 So.2d 248 (La.1975); Boswell v. Boswell, 501 So.2d 972 (La.App. 2 Cir.1987); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
At the June, 1987 hearing on Harold’s motion to terminate alimony, the trial judge conceded that fault , had not been put at issue in the 1984 trial for divorce. He stated as follows:
“It was correctly brought out that the question of fault really had not been approached in the hearing on October 25th, 1984 and that the statement in my *842 reasons for judgment that they admitted that the breakup of the marriage was due to mutual fault was a misstatement on my part.”
There is no evidence in the record to show that the alimony provision contained in the judgment of divorce was a consensual provision. The petition for divorce does not allege that Alice was free from fault, nor does Harold’s answer allege that Alice was substantially at fault in causing the divorce. The judgment of divorce, although not explicit as to its basis, was granted upon the parties’ living separate and apart for one year without reconciliation and not upon any finding of fault. As stated by the Louisiana Supreme Court in Nethken v. Nethken, 307 So.2d 563, 566 (La.1975):
“The granting of the final judgment of divorce thereafter in favor of the husband, on the ground that no reconciliation had taken place as provided by Section 302 of Title 9 of the Revised Statutes, does not depend upon any question of fault on the part of either spouse. Such a divorce decree is founded entirely upon the absolute right of either spouse to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by the statute. In fact, insofar as the divorce decree is concerned, in such a case, only evidence bearing upon the question of reconciliation is relevant.”
Despite the unusual procedural posture of this case, it is our duty as an appellate court to render any judgment which is just, legal and proper upon the record. La.C.C. P. art. 2164. We find, as did the trial judge, that fault had never been put at issue before the June, 1987 hearing on Harold’s motion to terminate alimony and thus, the issue of fault is not res judicata.
II. MOTION TO TERMINATE ALIMONY
Harold contends that the trial court erred in failing to terminate permanent alimony pursuant to the hearing on his motion for termination because Alice failed to prove she was free from fault. We agree.
It is uncontested that Alice left the family domicile in May of 1983, approximately one year after the Mitchells were married.
The law is clear that in order to recover permanent alimony, the spouse seeking support must prove that he or she was without fault in causing or contributing to the failure of the marriage. See, La.C.C. art. 160. Therefore, the issue before us is whether or not Alice proved that she left the family domicile for legal cause.
Alice testified that she left because of Harold’s excessive drinking and abusive conduct. She offered no evidence of this alleged cruel treatment other than her own self-serving testimony. By contrast, Harold offered the testimony of his daughter, his neighbor, and a second neighbor with whom he also worked to rebut Alice’s allegations of excessive drinking and abusive conduct.
Additionally, the testimony of both Harold’s daughter and his neighbor buttressed his testimony wherein he stated that his wife left because he refused to sign one-half of his separate property to her.
Based upon Alice’s complete failure to corroborate her testimony, we must find that the trial court clearly erred in finding that she had carried her burden of proving that she was free from fault which contributed to the failure of the marriage. We do not find that she left the family domicile with lawful cause. Thus, she abandoned Harold and is not entitled to permanent alimony.
Insofar as we find that Alice is not entitled to permanent alimony, any discussion relating to Harold’s third assignment of error, as to whether or not Alice has sufficient means for her support, is pretermit-ted.
DECREE
Based upon the foregoing, the judgment of the trial court is hereby reversed and judgment is granted in favor of Harold Mitchell terminating his obligation to pay permanent alimony to Alice Tynes, retroactive to September 30, 1986, the date of the *843 filing by Harold of his rule to terminate alimony.
Costs of this appeal and at the trial level are assessed to Alice Tynes, appellee.
REVERSED.

. Alice Tynes’ petition for divorce and Harold Mitchell’s petition for separation allege April 8, 1982, as the date of the marriage, although Alice testified on cross-examination that she was married to Mr. Mitchell in March of 1982.

. Harold Mitchell's lack of knowledge regarding the judgment of divorce which included the order to pay alimony to Alice may have been a substantial reason for Harold’s failure to file a timely appeal.