GRISBAUM, Judge.
This appeal arises out of a nullity action. The trial court sustained the defendant’s “Exception of Improper Venue and/or Lack of Jurisdiction Over Subject Matter,” which plaintiff now appeals. We vacate and remand.
ISSUE
We are called upon to determine whether the trial court’s sustaining of an “Exception of Improper Venue and/or Lack of Jurisdiction Over Subject Matter” was erroneous where the plaintiff’s petition alleged a cause of action for absolute nullity of a previously rendered judgment.
*1381 FACTS
The First Parish Court of Jefferson entered a default judgment in favor of James Gosserand, the present defendant-appellee, and against Leamon Dawson, Sr., presently the plaintiff-appellant, which ordered Dawson to pay past-due rent and to vacate his leased premises. Thereafter, Dawson filed a petition for nullity, claiming the judgment was null and void due to both vices of form and vices of substance. Gosserand then filed an exception styled “Exception of Improper Venue and/or Lack of Jurisdiction Over Subject Matter,” claiming that an action to annul may be brought only in the trial court which rendered the judgment and, thus, prayed for dismissal. The trial court agreed.
LAW
La. C.C.P. art. 2006 provides that “An action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court.”
However, our jurisprudence has repeatedly held this rule to apply only to judgments voidable or relatively null. Fouchi v. Fouchi, 442 So.2d 506 (La.App. 5th Cir.1983), writ denied, 445 So.2d 1235 (La.1984); Bd. of Comm’r v. Hollybrook Land Co., 191 So.2d 724 (La.App. 2d Cir.1966), writ refused, 193 So.2d 528 (La.1967); Hammond v. Gibbs, 151 So.2d 571 (La.App. 2d Cir.1963) and cases cited therein. Where the judgment is alleged to be an absolute nullity, it “may be invoked by anyone against whom it is interposed and whenever and wherever it is asserted.” Hollybrook, supra, at 725. “[Wjhere the judgment attacked is an absolute nullity, it may be attacked collaterally and in any court.” Fouchi, supra, at 508. A proper reading of the jurisprudence leads to the conclusion that, while the ability to attack the judgment includes collateral attacks, it is not limited to such attacks. Thus, a direct action to annul an absolutely null judgment is properly brought in a court other than that which rendered it.
Plaintiff's petition for nullity of judgment, in part, alleges:
8.
Plaintiff filed an answer to defendant’s Petition for Past Due Rent in proper person. However, plaintiff did not appear for the trial noticed (see Exhibit C) for January 13, 1988 because he is unable to read and thus did not possess the faculties necessary for understanding the legal significance of the Notice of Trial.
[[Image here]]
14.
The judgment by default entered against plaintiff in Civil Action No. 79-677 (in which he was the defendant) is null and void due to vices of form including but not limited to the fact that it was entered against an incompetent person, .the judgment was obtained in an action in which Leamon Dawson, Sr. was not defended, the notice and/or citation and/or service of citation were so grossly defective that Leamon Dawson, Sr. could not learn from it when and where to appear, and/or a valid judgment by default was not otherwise properly taken against Leamon Dawson, Sr., an incompetent person who was not adequately represented by counsel.
15.
The judgment by default entered against Leamon Dawson, Sr. in Civil Action No. 79-677 is alternatively null and void due to vices of substance including but not limited to the fact that Leamon Dawson, Sr. was not properly served and duly notified of the trial of the matter in Civil Action No. 79-677, thereby unfairly depriving Leamon Dawson, Sr. of his chance to have his full day in court, and otherwise said default judgment having been obtained in circumstances under which the judgment was rendered that show a deprivation of legal rights of Leamon Dawson, Sr. who seeks relief *1382 because enforcement of the judgment would be unconscionable and inequitable.
The trial court, in its oral Reasons for Judgment, apparently concluded that any direct action for nullity, whether based on absolute or relative nullities, must be brought in the trial court that rendered the judgment. The court commented that an action based on an absolute nullity may be brought in any court. However, it found this rule to be applicable only to collateral attacks. It, therefore, concluded the plaintiff’s direct action, although based in part on an alleged absolute nullity, could only be heard in the trial court which rendered the judgment. We disagree.
ANALYSIS
Recognizing that the plaintiffs allegations must be accepted as fact for purposes of ruling on exceptions, it logically follows that some of these contentions would establish an absolute nullity, although other claims pertain to relative nullity. Commonsensibly, the more appropriate forum to assert the plaintiff’s claims is the First Parish Court where all claims could be heard. However, the unavoidable conclusion is that it was error to sustain the exception to venue and/or jurisdiction insofar as it relates to the alleged absolute nullity of the judgment in question.
For the reasons assigned, the judgment of the trial court is vacated, and the matter is remanded for further proceedings consistent with the views expressed herein. Each party to bear its own costs of this appeal.
VACATED AND REMANDED.